537 So.2d 1360 (1989)
Stephen A. SUTHERLAND
v.
STATE of Mississippi.
No. 58145.
Supreme Court of Mississippi.
January 25, 1989.
Luke J. Schissel, Caroline R. Moore, Greenwood, for appellant.
Mike Moore, Atty. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
Stephen Allen Sutherland was indicted in the Leflore County Circuit Court for the capital murder of Travis O. Biddle, a Rankin County peace officer while acting in his official capacity as deputy sheriff and with knowledge that the victim was a police officer under Miss. Code Ann. § 97-3-19(2)(a) (Supp. 1988). Additionally, Sutherland was indicted as an habitual criminal offender under Miss. Code Ann. § 99-19-81 (Supp. 1988).
At the conclusion of the guilt/innocent phase of the bifurcated trial, the jury returned a verdict of guilty to the charge of capital murder. The jury, at the conclusion of the sentencing phase, returned a verdict of life imprisonment. From this conviction of capital murder and verdict of life imprisonment, there are no assigned errors raised on this appeal.
Finally, the trial court conducted a sentencing hearing on the habitual offender portion of the indictment. Sutherland was found to be a recidivist under Miss. Code Ann. § 99-19-81 (Supp. 1988) and sentenced to life imprisonment without parole in the Mississippi Department of Corrections.
From this sentence, Sutherland appeals, assigning the following error:
The court erred in sentencing the appellant to a term of life imprisonment without parole under § 99-19-81 of the Mississippi Code of 1972, as amended.

I.
Stephen Allen Sutherland had been convicted of grand larceny in Rankin County on February 3, 1986, and sentenced to the Mississippi Department of Corrections for a term of five (5) years. From that conviction and sentence, on February 6, 1986, Stephen Allen Sutherland, together with Marvin Edward Hoover, and Mary J. Hitt, were being transported from the Rankin County Jail to the State Penitentiary at Parchman by Rankin County Deputy Sheriff, Travis O. Biddle, to serve these sentences.
While enroute to Parchman on Highway 8, West of the town of Minter City in Leflore County, Mississippi, Deputy Biddle was strangled and shot, allegedly by Hoover and Sutherland, and all three escaped in the Rankin County Sheriff's Office automobile. The three were arrested a few hours later. Each was indicted for capital murder, grand larceny and escape in Leflore County Circuit Court.
As indicated previously, Sutherland was convicted of capital murder, and received a *1361 life sentence from the jury. The habitual offender sentencing phase followed, and the State's proof followed the indictments.
The indictment alleged that Stephen Allen Sutherland had been convicted of the crime of grand larceny in the Circuit Court of Hancock County, Mississippi, on October 15, 1980, and had been sentenced to serve a term of five (5) years, and further alleged that appellant had been convicted of the crime of grand larceny in the Circuit Court of Jones County, Mississippi, on January 24, 1984, and sentenced to serve a term of two (2) years.
At the sentencing hearing on September 16, 1986, the State put on proof as to the convictions in Hancock County and Jones County. The State also put on proof as to a conviction for grand larceny in Rankin County, Mississippi, on February 3, 1986, for which appellant was sentenced to a term of five (5) years. After this hearing, the court determined that Sutherland was an habitual offender within the meaning of M.C.A. § 99-19-81 (Supp. 1988). Sutherland was then sentenced to life imprisonment without parole by the court.
On the appellant's designation of the record for the purpose of this appeal, his counsel designated only the habitual criminal sentencing phase, as there were no errors assigned from the other portions of the bifurcated trial. For this reason, the above record is all that is transcribed for this appeal.
Appellant was indicted as an habitual offender within the meaning of M.C.A. § 99-19-81 (Supp. 1988), which provides as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. (Emphasis added).
However, M.C.A. § 99-19-83 (Supp. 1988) mandates the following additional requirement that "any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." (Emphasis added).
Appellant, Sutherland, contends that taken together § 99-19-81 and § 99-19-83 create a legislative "hole" causing a constitutional problem of depriving particular defendants of equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution, Section 1.
Section 99-19-83, Miss. Code Ann., which mandates a life sentence, requires proof of prior conviction and sentence of felony crimes of violence. Section 99-19-81 requires only proof of prior felony convictions and sentence of one (1) year. Sutherland asserts that the two habitual offender statutes taken together create a special classification impermissible under the Fourteenth Amendment in that only those convicted of murder, rape, or kidnapping can be sentenced to life without parole without proof of a prior conviction of a crime of violence.
Under this scheme, a person convicted of murder, rape or kidnapping, felonies for which the maximum sentence is life imprisonment, are subject to the same punishment under § 99-19-81 they would be under § 99-19-83, but without proof of a prior crime of violence. Sutherland contends that this scheme allows for the permanent deprivation of his liberty without certain burdens being imposed upon the State and certain procedural safeguards being observed.
The State asserts that Sutherland's contention makes no sense within the equal protection context. Citing Winters v. State, 473 So.2d 452, 456 (Miss. 1985), appellee asserts that nothing in the habitual offender statutes classifies a defendant in a manner burdening "his rights within the criminal justice system."

*1362 II.
The equal protection guarantee governs all governmental actions which classify benefits or burdens under the law. 2 Rotunda, Nowak & Young, Constitutional Law Substance and Procedure, § 18.1.
The equal protection clause guarantees that similar individuals will be dealt with in a similar manner by government. It does not reject the government's ability to classify person or "draw lines," but it does guarantee that those classifications will not be based upon impermissible criteria or arbitrarily used to burden a group of individuals. 2 Rotunda, Nowak & Young, Constitutional Law Substance and Procedure, § 18.2.
The Fourteenth Amendment requires that no person be subjected to a greater or different punishment for an offense than that to which others of the same class are subjected. Truax v. Corrigan, 257 U.S. 312, 333, 42 S.Ct. 124, 130, 66 L.Ed. 254 (1921).
In reviewing any classifications, it must be determined whether or not the persons classified by the law for different treatment are in fact dissimilar.
In order to determine whether persons are similarly situated it is necessary to identify the purpose of the law. Id.
In reviewing the statute sub judice, the law at issue is a criminal statute, § 99-19-81. There are several broad purposes for imposing punishment for crimes. Among these purposes is the notion that society may protect itself from persons deemed dangerous because of their past criminal conduct by isolating these persons from society. If the criminal is imprisoned he cannot commit further crimes against society. LaFave, Scoll, Substantive Criminal Law, § 1.5 (1986).
The protection afforded by the criminal law to the various interests of society against harm generally form the basis for a classification of crimes in any criminal code. The protection of persons from physical harm is the interest safeguarded by the classification of the crimes of murder, manslaughter, assault, battery, mayhem and kidnapping. Id.
Having identified the purpose of the law, the court must then determine how the classification relates to the purpose of the statute.
In the case sub judice the class consists of recidivist murderers, rapists and kidnappers. This is not a class which is defined on the basis of status, racial minority, national origin, gender or legitimacy; therefore, the relation of the classification to the legislative purpose must only meet the Rational Relationship Test. 2 Rotunda, Nowak & Young, Constitutional Law, Substance and Procedure, § 18.2 at p. 318.
Applying this test, the purpose of removing recidivist murderers, rapists and kidnappers for life without benefit of parole is to protect persons from physical harm. This class has demonstrated a tendency to commit crimes against persons, as opposed to crimes against property. The State is justified in acting promptly to remove a criminal from society, particularly when the threat to human life has been demonstrated as it has in this case. In addition, Sutherland does not show that he was treated differently from similarly situated defendants.
This Court therefore finds that the application of M.C.A. § 99-19-81 (Supp. 1988) to recidivist murderers, rapists, and kidnappers does not violate the Fourteenth Amendment of the United States Constitution. The conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.