PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This matter is before the Court challenging the denial of Magee’s pro se petition for post-conviction relief (PCR). Magee pled guilty, as an habitual offender, to one count of transfer of cocaine. Magee was sentenced to a term of thirty years in the custody of Mississippi Department of Corrections, with fifteen years suspended and five years of post-release supervision. Magee was also fined $5,000 and assessed court costs. His petition for PCR was denied by the Harrison County Circuit Court. Feeling aggrieved, Magee filed this appeal, raising the following eight issues for our consideration
I. WHETHER MAGEE WAS ENTITLED TO A POSITIVE RULING ON HIS RULE 52 MOTION.
II. WHETHER MAGEE’S PLEA WAS KNOWING, VOLUNTARY, AND INTELLIGENT.
III. WHETHER MAGEE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
IV. WHETHER MAGEE WAS DENIED THE RIGHT TO A SPEEDY TRIAL UNDER STATE AND FEDERAL LAW.
V. WHETHER THE MISSISSIPPI HABITUAL OFFENDER LAW IS CONSTITUTIONAL.
VI. WHETHER THE LOWER COURT IMPROPERLY INVOLVED ITSELF IN THE PLEA BARGAINING PROCESS.
VII. WHETHER MAGEE’S GUILTY PLEA WAS THE RESULT OF THE CONSTRUCTIVE DENIAL OF COUNSEL.
VIII. WHETHER HIS SENTENCE WAS IN VIOLATION OF THE PLEA AGREEMENT.
On review of the record and supporting documentation submitted in this cause, we find Magee’s assignments of error hold no merit. Accordingly, we affirm the circuit court’s denial of post-conviction collateral relief.
FACTS
¶ 2. On the evening of May 19, 1995, Officer James Cuccia and other narcotics officers, including Detective A1 Morales who was involved with the surveillance of the narcotics buy that is subject of this appeal, were involved in a larger undercover narcotics operation in Gulfport. Cuccia met a man later identified to be Magee. Cuccia asked Magee if Magee could help him secure a “twenty,” drug lingo for a $20 amount of cocaine. Magee instructed Cuc-cia to circle the block, and on his return, Cuccia purchased one quarter gram of cocaine from Magee for $20. The evidence was returned to Gulfport Police headquarters and appropriately logged-in and secured.
¶ 3. Later that evening, Morales and Detective Fred Gaston were on “routine” patrol in the same area of the earlier drug purchase from Magee when they happened upon Magee. Morales stopped Magee and conducted a routine warrants check. This check uncovered that Magee was wanted on a probation violation warrant. Morales and Gaston took Magee into custody and transported him to the Gulfport Police Department. Morales recognized Magee as *467 the individual who had sold crack cocaine to Cuccia earlier that evening. Magee was processed, and Cuccia later identified Ma-gee as the person from whom he had purchased cocaine.
¶ 4. Magee was subsequently indicted, as an habitual offender, of one count of transfer of a controlled substance, specifically cocaine. Magee ultimately entered an open guilty plea to this charge.
ANALYSIS AND DISCUSSION
I. Whether Magee Was Entitled to a Positive Ruling on His Rule 52 Motion.
¶ 5. As his first assignment of error, Magee asserts that the trial court should have granted his motion filed pursuant to Rule 52 of the Mississippi Rules of Civil Procedure. Rule 52 provides:
(a) Effect. In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
(b) Amendment. Upon motion of a party filed not later than ten days after entry of judgment or entry of findings and conclusions, or upon its own initiative during the same period, the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may accompany a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised regardless of whether the party raising the question has made in court an objection to such findings or has filed a motion to amend them or a motion for judgment or a motion for a new trial.
Mississippi Rules of Civil Procedure 52 (1999). Magee maintains that the court below erred by not entering sufficient findings of fact and conclusions of law with regard to his petition for post-conviction relief. Magee’s concern in this regard is valid, he contends, because the trial court did not reference Magee’s exhibits attached to his petition for relief in the court’s order overruling Magee’s petition for relief. However, neither Rule 52, nor any Mississippi precedent that we find, require a trial court to specifically refer to a party’s exhibits in a dispositive order of a petition for relief. Magee would have us assume that since no reference was made by the trial court to the exhibits attached to his petition then the trial court did not review these exhibits. This we decline to do.
¶ 6. Suffice it to say that on reviewing the trial court’s denial of Magee’s petition, as well as all of the pleadings presented to us in this matter, we find that the trial court was not in error. Each of Magee’s claims set forth in his petition for relief were addressed by the court below. In its order, the trial court relied on both the plea transcript in this cause as well as valid Mississippi precedent in reaching the findings and conclusions on each issue raised by Magee in his petition. As we find the trial court did sufficiently set out the basis for the denial of Magee’s petition for relief, we overrule Magee’s suggestion of error in this regard.

II. Whether His Plea Was Knowing, Voluntary, and Intelligent.

¶ 7. Magee next alleges that his plea was not entered in a knowing, voluntary, and intelligent fashion. In determining whether the entry of plea of guilty is properly accepted by the trial court, we are bound by the well-seasoned rule that, to be valid, a plea of guilty must be entered voluntarily and intelligently. Goss v. State, 730 So.2d 568, 573 (Miss.1998) (quoting Banana v. State, 635 So.2d 851, 854 (Miss.1994)). “In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea.” Id.
*468 ¶ 8. Based on the transcript of the plea hearing and the petition to enter a plea of guilty, it is abundantly clear that Magee’s entry of a guilty plea was done in a knowing, voluntary, and intelligent manner. First, in the petition to enter a plea of guilty, Magee acknowledges that he is represented by counsel and that he wished to plead guilty to the crime of transfer of a controlled substance. Magee further confirmed that he was aware of his constitutional rights, that he was aware of the range of punishment available for this particular crime, that he had not received any promises or suggestions of leniency in exchange for his petition to plead guilty, and that he was satisfied with the legal representation that had been afforded to him in this matter. Finally, Magee admitted in the petition to plead guilty that he did in fact sell the quantity of cocaine in question in an effort to raise money to buy more cocaine. The petition to plead guilty was signed by Magee and witnessed by his counsel of record on November 6, 1996.
¶ 9. Next, at the plea hearing, conducted on the same day as the petition to plead guilty was submitted, Magee verbalized in open court the contents of the petition to plead guilty. The trial court explained to Magee that his plea of guilty was only effective if he was aware of and understood his constitutional rights and that those rights would be surrendered if Ma-gee chose to enter a guilty plea. After getting an affirmative acknowledgment from Magee in this regard, the trial court then proceeded to inquire of Magee specifically about his understanding of his constitutional rights, his decision to plead guilty, and the consequences of that decision. In this colloquy, Magee verified the following:
—He had been fully advised by his counsel about the charges against him and the penalties for those charges.
—He noted that he was “very satisfied” with the representation provided by his attorney in this matter.
—He stated his understanding of his right to a speedy and public trial by a jury and the right to confront his accusers.
—He understood his right against self-incrimination and that he would not have to testify if this matter went to trial.
—If he plead guilty, he would not have a trial and that the sentence would be the exclusive decision of the trial court within the statutory limits.
—He understood his rights as explained to him and that he had no questions for the trial court.
Magee then proceeded to enter his plea of guilty to the crime of unlawful transfer of a controlled substance.
¶ 10. Based on Magee’s petition to plead guilty, which he signed, and the thorough dialogue engaged in by Magee with the trial court below at his plea hearing, we find no basis for a finding that Magee’s plea of guilty in this matter was not knowingly, voluntarily, and intelligently given. Accordingly, this assignment of error is overruled.

III. Whether He Was Denied Effective Assistance of Counsel.

VII. Whether His Guilty Plea Was the Result of the Constructive Denial of Counsel.

¶ 11. We address Magee’s Issue III and Issue VII together as they both relate to Magee’s displeasure with his attorney in this matter. Magee maintains that not only was his counsel ineffective, but that he, in effect, was denied counsel because he was not fully advised of his rights by his attorney.
¶ 12. The well-known legal standard for determining whether or not a convicted individual received effective assistance of counsel is found in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and was adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468 (Miss.1984). To be successful under Strickland, Magee must demonstrate 1) that his coun *469 sel’s performance was deficient, and 2) that his defense was prejudiced by the deficient performance. Stringer, 454 So.2d at 476. Magee carries the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Moreover, there is a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Additionally, the defendant must show a reasonable probability that he would have received a different outcome but for the ineffective assistance of counsel received at trial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The Strickland test is applied with deference to counsel’s performance, considering the totality of the circumstances to determine whether counsel’s actions were both deficient and prejudicial. Id. The test is to be applied to the attorney’s overall performance. Strickland, 466 U.S. at 695, 104 S.Ct. 2052.
¶ 13. Addressing the first prong of Strickland, Magee has failed to demonstrate that his counsel performed in a deficient manner that resulted in prejudice to him. Most telling in this regard is Ma-gee’s acknowledgment at his guilty plea hearing that he was “very satisfied” with his lawyer’s representation of him in this matter. Further, Magee has wholly failed to meet the second prong in demonstrating any prejudice to him or his defense in this matter resulting from his counsel’s representation. We find that Magee received effective assistance of counsel and that he was not constructively denied an attorney. This assignment of error is plainly without merit and is overruled.

IV.Whether He Was Denied the Right to a Speedy Trial in the State and Federal Law.

¶ 14. Magee next contends that he was denied a speedy trial under state and federal law. However, since we have found that Magee knowingly, voluntarily, and intelligently entered his plea of guilty, it is axiomatic that this assignment of error is moot, as Magee waived his right of a speedy trial by entering his plea of guilty in this matter. Calvert v. State, 726 So.2d 228, 230(¶ 6) (Miss.Ct.App.1998) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)).

V. Whether the Mississippi Habitual Offender Law Is Constitutional.

¶ 15. Magee’s next assignment of error attacks the constitutional validity of Mississippi’s habitual offender law, codified at Miss.Code Ann. § 99-19-81 (Rev.1994) and providing:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Magee attacks the ground on three fronts: due process, equal protection, and separation of powers. All of Magee’s argument are devoid of any merit and each is overruled. Mississippi’s habitual offender statute has weathered state and federal constitutional challenges on more than one occasion, and each time the statute’s constitutional firmness has prevailed. McGruder v. Puckett, 954 F.2d 313 (5th Cir.1992); Handley v. State, 574 So.2d 671, 680 (Miss.1990) (citing Perkins v. Cabana, 794 F.2d 168 (5th Cir.1986)); Sutherland v. State, 537 So.2d 1360, 1362 (Miss.1989)).

VI. Whether the Lower Court Improperly Involved Itself in the Plea Bargaining Process.

¶ 16. Magee’s next assignment of error surrounds his assertion that the trial *470 court improperly involved itself in the plea bargaining process. The Mississippi Supreme Court has spoken with regard to the role of the trial judge in the plea bargaining process:
While a trial judge must control the sentencing phase of a criminal trial and has the responsibility and duty of approving or disapproving a recommendation by the prosecutor, he should never become involved, or participate, in the plea bargaining process. He must remain aloof from such negotiations. The trial judge always must be circumspect and unbiased, at all times displaying neutrality and fairness in the trial, and consideration for the constitutional rights of the accused.
Fermo v. State, 370 So.2d 930, 933 (Miss.1979). We find it clear from the record that the trial judge in the case sub judice did not impermissibly involve himself in the plea bargaining process. Magee entered an open guilty plea with no recommended sentence from the prosecuting attorney. The trial judge explained the sanctions available to the court in Magee’s case in the colloquy prior to Magee’s entry of the plea of guilty. Magee acknowledged his understanding of the possible sanctions and entered his plea of guilty. We find nothing in the record to indicate that the trial court participated in the plea negotiations, nor the slightest hint that the trial judge displayed any bias or unfairness toward Magee in the process. This assignment of error is without merit.

VIII. Whether His Sentence Was in Violation of the Plea Agreement,

¶ 17. Magee’s final assignment of error alleges that his sentence was in violation of the plea agreement. This is wholly without merit. Magee’s petition to plead guilty, which he signed, notes that he wished to enter an open plea with no recommendation as to sentence from the district attorney. Further, in his in-depth colloquy with the trial court at the hearing where he entered his plea of guilty, Magee acknowledged his understanding of the sentencing process and range of punishments:
By the Court: If you plead guilty, there won’t be any trial. There won’t be anything at that point to do except to sentence you based on your plea of guilty. Do you understand that?
By Magee: Yes, sir.
By the Court: And the sentencing procedure, I’m not sure what it is here, but I understand there will be no recommendation from the prosecution. You understand that?
By Magee: Yes, sir.
By the Court: So what I’ll consider in my decision is your background and the circumstances of this offense, and from that I’ll make a decision about the sentence. And I’m the only one that makes that decision. You understand that?
By Magee: Yes, sir.
By the Court: The only thing, there’s a limitation on what I can sentence you to. Do you know what that is? Have you been advised what the maximum penalty is?
By Magee’s Counsel: Judge, I put 30 originally because on the charge itself, but under the enhancement, it’s twice or double. And that’s what it is. It’s 60. I advised him.
By the Court: You understand about that?
By Magee: Yes, sir.
By the Court: I can give you anything up to 60 years and a two million dollar fine?
By Magee: Yes, sir.
Because Magee signed the petition to plead guilty, he indicated his desire to enter an open plea of guilty, and in Ma-gee’s colloquy with the trial court set out above, it is very clear that Magee was aware of the range of punishment in this matter. Since the trial court imposed a sentence within the statutory limitations provided by the Mississippi legislature, the sentence is appropriate and there is no *471 error. Hoops v. State, 681 So.2d 521, 537 (Miss.1996). Accordingly, we affirm.
¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.