831 So.2d 1184 (2002)
Michael A. BOLTON a/k/a Michael Angelo Bolton, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00356-COA.
Court of Appeals of Mississippi.
December 3, 2002.
*1186 Michael A. Bolton (pro se), attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. On the evening of November 16, 1996, Michael Bolton, his wife, Tara, and Cleveland Floyd robbed the driver of a taxi cab. Floyd shot and killed the driver, Ricky Spratt. The Boltons and Floyd were indicted in May 1997 on a charge of capital murder. Bolton, represented by two attorneys, pled guilty to a reduced charge of murder and was sentenced to life imprisonment. He subsequently filed for post-conviction relief, which was denied by the Harrison County Circuit Court. On appeal, Bolton claims that his guilty plea was involuntary, that he was prejudiced by ineffective counsel, and that he was entitled to an evidentiary hearing on his petition. We disagree and affirm.

DISCUSSION

1. Voluntariness of guilty plea
¶ 2. Bolton claims that his guilty plea was involuntarily entered and therefore it should not have been accepted by the court. Specifically, Bolton alleges that the court did not conduct a meaningful inquiry into his knowledge of the essential elements of the crime with which he was charged, and the court did not elicit sufficient evidence to establish a factual basis for accepting his plea.
¶ 3. In order for a guilty plea to meet constitutional requirements, it must represent a knowing, intelligent and voluntary waiver of the defendant's constitutional rights. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It must be shown that the defendant knew of his right to confront his accusers, his right to a jury trial, and his *1187 right against compulsory self-incrimination. Id. at 243, 89 S.Ct. 1709. An on-the-record determination by the trial court is one method of establishing that the defendant's waiver of his rights was constitutionally valid. Chunn v. State, 669 So.2d 29, 32 (Miss.1996). The accused must also have knowledge of the essential elements of the crime with which he is charged. Gilliard v. State, 462 So.2d 710, 712 (Miss. 1985).
¶ 4. A court rule requires that the trial judge make an on-the-record showing of the factual basis for the plea. URCCC 8.04(A)(3). Before the court may accept a guilty plea, it must have before it "substantial evidence that the accused did commit the ... offense to which he is offering the plea." Corley v. State, 585 So.2d 765, 767 (Miss.1991). What facts will reach that level necessarily vary with the crime charged; indeed, the defendant's admission alone may suffice. Id.
¶ 5. The transcript of Bolton's plea hearing shows that the circuit court inquired into Bolton's understanding of the constitutional rights that he was waiving with his guilty plea. Separate inquiry was made as to Bolton's understanding of and desire to waive each right. He said that he understood and was waiving each. Bolton denied that he had been threatened or coerced into making the guilty plea, or that he had been promised favorable treatment in exchange for the plea. Bolton's waiver of rights was knowing, intelligent and voluntary.
¶ 6. The accused must also be aware of the elements of the crime charged. Bolton argues that he was never made aware of the element of intent to kill. Had he known, he would not have entered the plea. It therefore follows, according to Bolton, that his guilty plea was involuntarily made.
¶ 7. Bolton was indicted for capital murder but pled guilty to murder. Bolton stated that he knew his accomplice Floyd had a gun and that "if necessary it would be used to effectuate the robbery." Bolton stated that use of the gun had been discussed before the trio got into the cab. Knowledge and willingness that an accomplice use deadly force if needed to complete the crime in which an accused was engaged is a sufficient intent to kill. Being present at a crime and aiding and abetting its completion, even if someone else is designated as the one to use deadly force, creates liability as a principal. Pleasant v. State, 701 So.2d 799, 803 (Miss. 1997).
¶ 8. Bolton also claims that the trial court lacked a factual basis for accepting Bolton's guilty plea. The court inquired directly of Bolton as to the factual basis of the charge. The court elicited from the defendant that he and the two co-defendants had planned the robbery, that the cab was called for the sole purpose of robbing the driver, that he provided the weapon to Floyd, that Bolton knew that the weapon might be used during the robbery, and that he provided the coins necessary to make the telephone call to the cab company. Bolton's own testimony provided the factual basis.

2. Ineffective assistance of counsel
¶ 9. Ineffective assistance of counsel is said to have arisen from these reasons:
(1) Counsel failed to make a reasonable investigation of the defendant's case. No witnesses were ever interviewed nor were forensic documents ever requested from the State.
(2) Counsel only met with the defendant seven times before entry of his guilty plea.
(3) Counsel misled and misinformed Bolton by telling him he was guilty merely *1188 by being present at the scene of the crime, that he would be given the death penalty if he went to trial, and counsel failed to inform him that by pleading guilty he was admitting to the element of intent to kill.
(4) Counsel coerced the defendant into making a false statement to the court and ignored his repeated declarations of innocence.
¶ 10. Claims of ineffective assistance of counsel require a two-part analysis: (1) whether counsel's performance was deficient; and (2) whether that deficiency caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first Strickland inquiry is evaluated by whether or not counsel's legal advice to the client fell outside objective parameters of reasonableness. Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052. The prejudice inquiry concerns whether, but for counsel's deficiency, the result would have been different. Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 11. We accord great deference to an attorney's professional judgment, including a decision that further investigation is unnecessary. Foster v. State, 687 So.2d 1124, 1132 (Miss.1996). We employ a rebuttable presumption that defense counsel's decisions are made for strategic purposes. Cole, 666 So.2d at 767. Prejudice to the defendant may be measured by the likelihood that further investigation would have resulted in the discovery of evidence sufficient to convince counsel to abandon a plea recommendation. Kinney v. State, 737 So.2d 1038, 1041 (Miss.Ct.App.1999). The appellant insists that if defense counsel had conducted witness interviews and reviewed forensic reports, his protestations of innocence would have been factually substantiated.
¶ 12. Bolton, however, does not explain what facts were left uninvestigated or how forensic evidence would have assisted in his defense. To the contrary, the only actual witnesses to the events were Bolton and his co-defendants, at least one of whom, according to Bolton's brief, had pled guilty to a charge of capital murder and given a statement inculpating Bolton. The two other witnesses Bolton claims could have given evidence in his favor are not witnesses at all. Police reports included in the record show neither of these individuals saw anything. Rather, they came upon the taxi after all inside had fled and called police upon discovering Spratt's body.
¶ 13. Given what was known to defense counsel at the time Bolton entered his guilty plea, we cannot say that the investigation was unreasonable.
¶ 14. Bolton also argues that the limited number of meetings with defense counsel resulted in prejudice to his case. There were seven meetings. What additional ones would have accomplished has not been shown.
¶ 15. Bolton's third allegation of ineffective assistance of counsel is that his attorneys misled and misinformed him as to his possible criminal liability. Taking as true Bolton's version of what he was advised by counsel, that advice was absolutely correct. Those who act as accessories before the fact may be indicted and punished as principals. Miss.Code Ann. § 97-1-3 (Rev.2000). Bolton was indicted as a principal on a charge of capital murder. As an indicted principal, Bolton faced the same possible punishment as the person who did the actual killing. Had he gone to trial on that charge, he would have faced the potential imposition of a death penalty.
¶ 16. Nor does Bolton's claim that he was not informed that he was admitting to *1189 all critical elements of the crime, specifically that of intent to kill, withstand scrutiny. We have already discussed that what he did admit was sufficient to prove accomplice liability.
¶ 17. Lastly, Bolton asserts that his attorneys ignored his statements of innocence and coerced him into pleading guilty and making a false statement of his guilt to the court. His amended petition to the circuit court indicates that he felt he had no choice but to accept the guilty plea in order to avoid the death penalty. The role of a criminal defense attorney is that of advocate and legal advisor. While counsel may strongly and repeatedly encourage a defendant to accept a plea bargain, the decision of whether or not to take such a course rests finally with the defendant. Counsel cannot accept a plea on the defendant's behalf. A defendant may always discharge counsel if dissatisfied with the services or advice or if he feels threatened by counsel, as Bolton here claims.
¶ 18. Bolton presents no factual allegations which support his claim of coercion. He was correctly advised on the law. At the plea hearing, he denied that he had been threatened or promised anything in exchange for his guilty plea. He acknowledged satisfaction with his counsel's assistance on two occasions, during the testimony given in his plea hearing and in writing in the petition to enter a guilty plea. On this record, we cannot find that counsel performed outside the scope of acceptable professional performance or that Bolton was prejudiced in any fashion.

3. Evidentiary hearing
¶ 19. Bolton's final assignment of error rests upon the dismissal of his petition by the circuit court without benefit of an evidentiary hearing.
¶ 20. If it plainly appears from the face of the motion that the movant is not entitled to any relief, the judge may order its dismissal. Miss.Code Ann. § 99-39-11(2) (Rev.2000). An evidentiary hearing is warranted only when the petition alleges a procedurally viable claim. Wilson v. State, 577 So.2d 394, 397 (Miss. 1991). With respect to claims of ineffective assistance of counsel, the petitioner must, at a minimum, make a prima facie showing for each part of the Strickland test before an evidentiary hearing is warranted. Cole, 666 So.2d at 777.
¶ 21. Bolton testified at his plea hearing that he actively participated in the planning and execution of an armed robbery, the felony underlying the capital murder indictment. There is a strong presumption of truthfulness given to sworn statements made by defendants in open court. Roland v. State, 666 So.2d 747, 750 (Miss.1995). Where, as here, "an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required." Harris v. State, 578 So.2d 617, 620 (Miss. 1991).
¶ 22. In making the decision to dismiss the petition, the circuit court had before it all of Bolton's pleadings as well as the plea hearing transcript. The transcript shows a careful inquiry by the court into Bolton's understanding of his constitutional rights, his desire to waive those rights in order to plead guilty as well as his satisfaction with the services and advice rendered by his counsel. Having the same record before us, we find the circuit court did not abuse its discretion in summarily dismissing the complaint for post-conviction relief.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON *1190 COUNTY DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.