KING, P.J.,
for the court.
¶ 1. Jerry Monroe was convicted of murder for which he was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. He filed a petition for post-conviction relief, which was denied by the trial court. Monroe later filed a motion for an out-of-time ap *85 peal, which was denied. Aggrieved by this denial of relief, Monroe has appealed and assigned the following errors:
I. Whether he received ineffective assistance of counsel.
II. Whether the trial court erred in accepting an involuntary plea of guilty.
FACTS
¶ 2. On June 16, 1995, Monroe was indicted for the murder of Evelyn Harris. As an indigent, Monroe was provided with appointed counsel. After a three-day jury trial, which began on February 27, 1996, and concluded on February 29, 1996, Monroe was found guilty of murder. On March 1, 1996, the trial court sentenced Monroe to life imprisonment in the custody of the Mississippi Department of Corrections.
¶ 3. On March 1, 1999, Monroe filed a petition for post-conviction collateral relief and a motion for appointment of counsel. On June 9, 2000, the trial court dismissed his petition.
¶ 4. On January 17, 2001, Monroe filed a motion for an out-of-time appeal claiming that he was denied the right to a direct appeal, effective assistance of counsel, and that the trial court erred when it dismissed his petition for post-conviction relief. This motion was denied by the trial court on June 15, 2001. The trial court stated:
The Court finds that there has been no showing of excusable neglect, or otherwise, such as to justify an out-of-time appeal of the court’s final order of June 9, 2000. Even accepting the defendant’s statement that he did not receive the order until September 6, 2000, there is no showing why no action was taken by the defendant until in excess of four months passed from that date. The Court finds that the defendant is not entitled to an out-of-time appeal from the court’s final order of June 9, 2000. It is therefore ordered that the defendant’s motion is hereby denied.
From that denial of relief, Monroe has appealed.
ISSUES AND ANALYSIS
¶ 5. Before addressing Monroe’s issues, this Court will first address whether the trial court should have allowed Monroe’s out-of-time appeal.
¶ 6. Monroe was convicted on February 29, 1996, and sentenced on March 1, 1996. Monroe’s petition for post-conviction collateral relief was filed on March 1, 1999. The petition was dismissed on June 9, 2000. Monroe did not file his motion for out-of-time appeal from the denial of post-conviction relief until January 17, 2001. In order for Monroe’s motion to be considered it must meet the requirements of Mississippi Rule of Appellate Procedure 4.
¶ 7. Pursuant to M.R.A.P. 4(a), a notice of appeal shall be filed within thirty days after the date of entry of the judgment from which an appeal is taken. Monroe failed to file notice of appeal within the required thirty day period. Instead, he waited some eight months, and filed a motion for an out-of-time appeal. The trial court in its discretion may extend the time for giving notice of appeal, provided that the motion is filed not later than thirty days after the expiration of the time prescribed by M.R.A.P. 4. If an extension is requested within the initial thirty day period, it may be granted upon a showing of good cause. If requested beyond that period, the granting of such motion is dependent upon a showing of “excusable neglect.” M.R.A.P.4(g); Denton v. State, 762 So.2d 814 (¶ 4) (Miss.Ct.App.2000). Like *86 wise, the trial court may under 4(h)[1] reopen the time within which to appeal, as opposed to extending it under 4(g). To take advantage of the provisions of 4(h) the motion to reopen must be filed within 180 days of entry of judgment.
¶ 8. The trial judge noted that Monroe did not show “excusable neglect” or any other exception to justify allowing an out-of-time appeal of the court’s final order of June 9, 2000. Having reviewed the record, this Court finds that the trial judge did not abuse his discretion by denying Monroe’s request for an out-of-time appeal.
¶ 9. This Court’s review of the record suggests that Monroe’s request for post-conviction collateral relief lacked merit.
¶ 10. Monroe’s primary contention is that he received ineffective assistance of counsel. He claims (1) that his attorney advised him to plead guilty to murder after the jury had returned its verdict, (2) that his attorney failed to inform him of his right to appeal after a jury verdict, and (3) that his attorney failed to adequately investigate the case.
¶ 11. To prevail on the issue of ineffective assistance of counsel requires a showing that counsel’s performance was deficient and that Monroe’s defense was prejudiced due to counsel’s deficiencies. O’Halloran v. State, 731 So.2d 565 (¶ 9) (Miss.1999).
¶ 12. While the hearing was incorrectly-labeled a guilty plea hearing, it was in fact a sentencing hearing since Monroe was found guilty by a decision of the jury. At the sentencing hearing, Monroe stated that he was in fact guilty of the murder of Evelyn Harris. He now claims that the sentencing hearing was in fact a plea hearing, where the court was obligated to advise him of the consequences of his plea, and that the failure to do so rendered the plea involuntary. This issue is absolutely without merit as well. Monroe was convicted of murder after a jury trial. He did not enter a guilty plea prior to or during the trial which would have required advising him of the nature and consequences of a guilty plea. Magee v. State, 759 So.2d 464 (¶ 7) (Miss.Ct.App.2000).
¶ 13. We find that Monroe’s issues regarding failure to inform him of his right to appeal and failure of his attorney to investigate are without merit. Monroe bears the responsibility of offering proof of facts to support his claim of ineffective assistance of counsel. Howard v. State, 785 So.2d 297 (¶ 6) (Miss.Ct.App.2001).
¶ 14. THE JUDGMENT OF THE AM-ITE COUNTY CIRCUIT COURT DENYING OUT-OF-TIME APPEAL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.

. The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.