913 So.2d 379 (2005)
Daniel George KELLEY a/k/a Daniel G. Kelley, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02172-COA.
Court of Appeals of Mississippi.
April 19, 2005.
*381 Daniel George Kelley, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. After entering a guilty plea in the Yalobusha County Circuit Court to a charge of statutory rape, Daniel Kelley was sentenced to seventeen years imprisonment as an habitual offender pursuant to Mississippi Code Annotated § 99-19-81 (Rev.2000). He filed a motion for post-conviction relief which was denied without an evidentiary hearing. He appeals to this Court asserting thirty suggestions of error, eleven issues going to the substance of his sentence and nineteen issues going to ineffective assistance of counsel. Finding no error, we affirm.

SUBSTANTIVE ISSUES
¶ 2. In order to defeat summary dismissal under Mississippi Code Annotated § 99-39-11(2) (Rev.2000), a request for post-conviction relief must be pled with specificity. Ford v. State, 708 So.2d 73, 75(¶ 8) (Miss.1998). When reviewing a lower court's decision to deny a motion for post-conviction relief, an appellate court *382 will not disturb the trial court's factual findings unless they are clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
¶ 3. A valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). Kelley contends that he was apprehended in Louisiana and returned to Mississippi without being properly extradited. As the circuit court found, it appears from the record that extradition did in fact take place, but regardless of the legality of Kelley's return to Yalobusha County, the circuit court had personal and subject matter jurisdiction of him at the time he entered his guilty plea. See, e.g., Roberts v. State, 186 Miss. 732, 191 So. 823, 823 (Miss.1939). Therefore, whether or not he was properly extradited, the legality of his guilty plea cannot be attacked for lack of jurisdiction. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 4. Kelley additionally contends that his sentence was illegally imposed and exceeded the maximum allowed under law, in that the indictment charging him as an habitual offender was fatally flawed, both because he had been under the age of twenty-one when he committed the underlying felonies, and because he served one eighteen month sentence in a Louisiana parish jail rather than in a federal or state penitentiary. Mississippi Code Annotated § 99-19-81 (Rev.2000) does not require that underlying felonies have been committed after the age of twenty one. Further, the venue where a convicted felon actually served his sentence is not relevant, so long as the felon served two sentences of one or more years. Davis v. State, 680 So.2d 848, 851 (Miss.1996). These issues are without merit, and the circuit court did not err in summarily dismissing them.
¶ 5. Kelley additionally contends that his plea was not freely and voluntarily entered. In determining whether a plea is freely and voluntarily entered, we look to see if "the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." Wilson v. State, 577 So.2d 394, 397 (Miss.1991). Specifically, the defendant must be told "that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). An appellate court will only overturn a trial court's finding of a knowing and voluntary guilty plea if that finding is clearly erroneous. State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990). In this case, the record clearly shows that Kelley was advised of the elements of the charge, the maximum sentence he could face, and what he waived in entering the plea. The circuit court did not err in finding Kelley's plea was knowing and voluntary. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 6. Kelley additionally contends that the habitual offender statute, Mississippi Code Annotated § 99-19-81 (Rev. 2000), infringes upon his rights under due process and equal protection, as secured under the Fourteenth Amendment to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution. Kelley's argument is that one of the underlying felonies committed in Louisiana would have been punishable for only a term of under one year imprisonment had it been committed in Mississippi. This issue is procedurally barred. See, e.g., *383 Brooks, 573 So.2d at 1352. Moreover, even if this Court were to assume the bar did not preclude addressing this issue, the constitutionality of this statute has been repeatedly tested. See e.g. Sutherland v. State, 537 So.2d 1360, 1362 (Miss.1989). This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 7. Kelley additionally contends that he was denied due process, as secured by the Fourteenth Amendment to the United States Constitution as well as Article 3, Section 14 of the Mississippi Constitution, when the State failed to disclose both the name of the person whom the State initially suspected was the perpetrator of the crime, as well as evidence that could have been used to impeach a witness who might have been called by the State had the indictment proceeded to trial. Kelley also contends he was denied due process because: the circuit court should have held a hearing to determine the admissibility of evidence of a paternity test showing him to be the likely father of the child born to the victim; the circuit court should have granted him a trial, despite his guilty plea, when the victim recanted her identification of him as the perpetrator; and he should have been able to raise defenses of consent and the "unchaste character of the victim" in any hypothetical trial. A guilty plea operates as a waiver to all defenses that could have been presented except for those defenses going to the jurisdiction of the sentencing court. Brooks, 573 So.2d at 1352. Therefore, these issues are barred, and the circuit court did not err in summarily dismissing them.

INEFFECTIVE ASSISTANCE OF COUNSEL ISSUES
¶ 8. Claims of ineffective assistance of counsel require the defendant to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). Under the two-part test of Strickland, the defendant must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The Strickland standard is applied under the strong but rebuttable presumption that counsel is competent and conduct at trial is reasonable, and appellate review of counsel's performance requires considering the totality of the circumstances for determining whether counsel's actions were both deficient and prejudicial. Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985).
¶ 9. Kelley contends his counsel was ineffective for failing to present defenses that his extradition was illegal and the indictment was defective because it charged him as an habitual offender. As discussed earlier in this opinion, there is no merit to the substantive basis of these issues going to the jurisdiction of the circuit court and the legality of his sentence. Therefore, there can be no showing that counsel's performance was deficient. These issues are without merit, and the circuit court did not err in summarily dismissing them. Kelley also contends his counsel was ineffective for failing to correctly *384 inform him of the maximum sentence because counsel did not ascertain that the habitual offender statute was not applicable to him. Counsel was not ineffective, because the habitual offender statute was correctly applied, and Kelley was correctly apprised.
¶ 10. Kelley additionally contends that his counsel was ineffective for failing to develop defenses which his pleading fails to specifically identify. In order to defeat summary dismissal of the ineffective assistance of counsel claim under Mississippi Code Annotated § 99-39-11(2) (Rev.2000), the allegation must be alleged with specificity. Ford, 708 So.2d at 75. There is no merit to this assignment of error, and the circuit court did not err in summarily dismissing it.
¶ 11. Kelley additionally contends that his counsel was ineffective for failing to object to the statement of the victim going to his identification. He contends that the statement was not voluntary and contained hearsay. However, the statement was not introduced as evidence, as Kelley had pleaded guilty. Consequently, there could be no deficient performance by counsel.
¶ 12. Kelley additionally contends that his counsel was ineffective for failing to be present when blood and saliva were collected for a paternity test. Kelley cites no legal authority suggesting counsel had grounds to prevent the test from taking place. Moreover, Kelley admits his counsel secured an agreed court order setting forth what testing would be allowed. Kelley additionally contends that his counsel was ineffective for failing to object to expert testimony concerning the paternity testing results, and to discover documents going to the validity of the testing. Kelley entered a knowing and voluntary guilty plea, and no expert testimony was introduced against him. There can be no showing of deficient performance. Additionally, Kelley contends his counsel's performance was deficient when counsel failed to investigate a possible conflict of interest because the son of Sheriff of Yalobusha County was employed by the private company, Reliagene, Inc., that performed the paternity test. Kelley admits that Reliagene is commonly used throughout Mississippi for paternity testing, but fails to state any specifics of how this relationship might have impacted upon him individually. There is no showing of deficient performance concerning any of the above discussed issues, and the circuit court did not err in summarily dismissing them.
¶ 13. Kelley additionally contends that his counsel was ineffective for failing to interview the victim and uncover her previous statement naming another male with whom she had sexual intercourse, and stating that Kelley had not engaged in penetration with her. Even assuming such statement existed, there is no showing of deficient performance, because counsel explicitly stated when the plea was entered that he had engaged in discovery and reviewed the paternity testing, and it was his professional judgment that the State could get the case to a jury. Counsel's performance was well within the Strickland standard. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 14. Kelley additionally contends that his counsel was ineffective for failing to secure a better plea. This assertion is plainly contradicted by Kelley's own statements that he was aware the maximum penalty was thirty years imprisonment, and in his pleadings he admits he discussed whether the offer was preferable than proceeding to trial with "an insanity defense." There is no showing of deficient performance. This issue is without merit, *385 and the circuit court did not err in summarily dismissing it.
¶ 15. Kelley additionally contends that his counsel was ineffective for failing to secure a mental evaluation. Again this assertion is contradicted by Kelley's own pleadings, in which he states he instructed counsel to discuss the possibility of a plea prior to securing a mental evaluation, and he instructed counsel to abandon that theory and accept the State's plea offer. Moreover, the record contains records of previous mental examinations, and in the plea colloquy, Kelley affirmatively stated that he had no mental impairment preventing him from understanding the nature of the proceedings and what he forfeited in entering his plea. There is no showing of deficient performance. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 16. Kelley additionally contends that his counsel was ineffective for "attempting to place on Kelley the burden of proving insanity." Kelley admits in his pleadings that he instructed his counsel to abandon the insanity issue. It appears that Kelley misunderstands the law applicable to his case. A defendant is presumed sane and therefore has the burden of producing a reasonable doubt as to his sanity at the time of the crime. White v. State, 542 So.2d 250, 252 (Miss.1989). Kelley may believe that the copies of records of previous mental examinations that he and his counsel had in their possession met this threshold burden. That may be, but Kelley freely and knowingly chose to abandon this defense. There is no showing of deficient performance. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 17. Kelley additionally contends that his counsel was ineffective for failing to advise him to accept or decline the State's plea offer. Kelley admits that counsel informed him of the plea offer and instructed him to decide whether to accept or to instruct counsel to request a mental examination. The decision to accept or decline a plea offer is for the defendant to make. Bolton v. State, 831 So.2d 1184(¶ 17) (Miss.Ct.App.2002). There is no showing of deficient performance. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 18. Lastly, Kelley contends that his counsel was ineffective because the son of the Sheriff of Yalobusha County worked in counsel's office. A petitioner must plead with specificity how an asserted conflict of interest caused his counsel's decision to fall below the threshold of presumed competence. Tolliver v. State, 802 So.2d 125(¶ 11) (Miss.Ct.App.2001). There is no showing of deficient performance. This issue is without merit, and the circuit court did not err in summarily dismissing it.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO YALOBUSHA COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.