MYERS, P.J.,
for the Court.
¶ 1. Brent Murphy filed a petition for a motion to show cause in the Circuit Court of Pearl River County against officials of the Mississippi Department of Corrections (MDOC), claiming that he was not given full credit for time served in Louisiana while charges against him for robbery in Mississippi were pending. Murphy argued that the MDOC acted in an arbitrary and capricious manner. Specifically, Murphy contends it was error for MDOC to give him credit for time spent in Louisiana only from the date of the Mississippi armed robbery indictment forward. The trial court denied his motion, finding that the MDOC’s decision to credit Murphy with jail time at the filing of the indictment was within its discretion and determined that the decision was not arbitrary or capricious. Feeling aggrieved, Murphy appeals the trial court’s denial.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 2, 2003, Murphy was indicted for committing armed robbery, stemming from an incident that occurred on June 10, 2002. The indictment went un-served for approximately two years while Murphy was incarcerated in Louisiana on unrelated charges. Murphy’s original indictment for armed robbery became nolle prosequi, and he pleaded on a bill of information to simple robbery. On March 9, 2006, Murphy was sentenced to fifteen years in the custody of MDOC. The trial judge ordered that Murphy should be given credit for time served in Louisiana while the charges were pending in Mississippi. The MDOC gave Murphy credit for a total of 985 days of pre-sentence jail time. The MDOC credited Murphy for time served from May 2, 2003, through June 13, 2005; August 9, 2005, through August 11, 2005; and August 11, 2005, through March 9, 2006. Murphy did not receive credit for time served from June 13, 2002, through May 2, 2003.
¶ 3. Murphy filed a motion to show cause, arguing the MDOC was arbitrary and capricious for only giving him credit toward his Mississippi robbery sentence for time spent in Louisiana from the date of the armed robbery indictment forward. On October 12, 2007, the trial court, treating his motion as one for post-conviction relief, denied the motion, finding that the MDOC decision to credit Murphy with jail time at the filing of the detainer was with *265 in its discretion and determined that the decision was not arbitrary or capricious. On November 28, 2007, Murphy’s notice of appeal was filed with the Pearl River Circuit Court.
STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court’s decision to deny post-conviction relief unless the trial court’s decision proves to be clearly erroneous. Arnold v. State, 912 So.2d 202, 203(¶ 2) (Miss.Ct.App.2005). We, however, reviews questions of law de novo. Hoskins v. State, 934 So.2d 326, 328(¶ 4) (Miss.Ct.App.2006).
WHETHER THE TRIAL COURT ERRED IN DISMISSING MURPHY’S MOTION TO SHOW CAUSE.
¶ 6. Although neither party raised this issue in its initial briefing to this Court, the timeliness of appeals is a jurisdictional issue, and we must acknowledge our own lack of jurisdiction. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995). If the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction. Id.
¶ 6. Rule 4(a) of the Mississippi Rules of Appellate Procedure sets forth time limits for filing an appeal: “[I]n a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” M.R.A.P. Rule 4(a).
¶ 7. The trial court denied Murphy’s motion to show cause on October 12, 2007. Murphy’s notice of appeal was signed by him on November 21, 2007, and filed with the Circuit Court on November 28, 2007, both of which are clearly outside the thirty days allotted in M.R.A.P. 4(a).
¶ 8. The trial court can extend the thirty day period, if prior to the thirty days, the moving party request such an extension and provides a good cause for it. Monroe v. State, 843 So.2d 83, 85(¶ 7) (Miss.Ct.App.2003) (citing M.R.A.P. 4(g)). Additionally, the trial court can permit an extension of time after the thirty days upon a showing of excusable neglect. Id. Murphy did not move for an extension of time in the trial court during or after the thirty days provided to him in M.R.A.P. 4. Moreover, the record contains no evidence of a good cause or excusable neglect which could support an extension of the thirty day time limitation. Therefore, Murphy’s appeal to this Court is dismissed as untimely.
¶ 9. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ, CONCUR.