¶ 1. Henry Tolliver, pro se, appeals an order of the Circuit Court of Hinds County, Mississippi denying his petition for post-conviction relief. Aggrieved, Tolliver perfected this appeal, raising five issues as errors; however, he only provided arguments for three of those errors, which can be summarized as follows:
 THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING TOLLIVER'S MOTION FOR POST-CONVICTION RELIEF.
 FACTS ¶ 2. On December 15, 1994, Tolliver was indicted for the burglary of an Exxon station committed on September 5, 1994. On February 15, 1995, Tolliver was indicted for the burglary of a Shell Mini-Mart committed on October 13, 1994. On April 20, 1995, Tolliver was indicted for receiving/possessing a stolen automobile on October 26, 1994. Tolliver was charged on all three indictments as an habitual offender, having been previously convicted of armed robbery and grand larceny in 1989.
 ¶ 3. On November 9, 1995, following a plea-qualification hearing conducted before Judge Hilburn, Tolliver entered pleas of guilty as an habitual offender to two counts of business burglary and one count of receiving/possessing stolen property. The circuit court accepted the State's recommendation with regard to sentence imposition and sentenced Tolliver to six years for the first business burglary count, seven years for the second business burglary count and five years for the receiving/possessing stolen property count. All three sentences were to run consecutively. The circuit court also accepted the State's recommendation that Tolliver be sentenced under Miss. Code Ann. § 99-19-81, rather than § 99-19-83 of the habitual offender statutes.
 ¶ 4. On April 30, 1998, Tolliver filed a motion for post-conviction collateral relief in the Circuit Court of Hinds County. On August 12, 1998, Judge Hilburn ordered and adjudged that the motion for post-conviction relief be dismissed with prejudice. Tolliver claims he never received a copy of the order denying relief, and on September 3, 1999, he filed a motion for an out-of-time appeal. On January 22, 2001, Judge Hilburn signed an order granting Tolliver's motion for an out-of-time appeal.
 ANALYSIS ¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567
(Miss. 1999).
 DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING TOLLIVER'S MOTION FOR POST-CONVICTION RELIEF?
 ¶ 6. Tolliver asserts a number of errors committed by the lower court that took place on or about the day he entered his *Page 127 
plea agreement. Most of these assertions involve the attorney who represented him at that time. Tolliver claims that his attorney provided ineffective assistance of counsel, his attorney had a conflict of interests due to the fact that he knew the arresting officer, he was denied due process because of his attorney's ineffective assistance and conflict of interests and the circuit court abused its discretionary power by ignoring its obligation to investigate a possible conflict of interests between Tolliver and his attorney.
 ¶ 7. Tolliver's claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and followed by the Mississippi Supreme Court in Stringer v. State,454 So.2d 468, 476 (Miss. 1984). A successful completion of this test is paramount to Tolliver's argument. He must successfully meet both prongs. Under Strickland and Stringer, Tolliver must show that the counsel's performance was so deficient that it constituted prejudice. Strickland,466 U.S. at 687. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State,636 So.2d 652, 656 (Miss. 1994). The defendant bears the burden of demonstrating that both prongs have been met. Leatherwood v. State,473 So.2d 964, 968 (Miss. 1985).
 ¶ 8. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss. 1995). TheStrickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State,684 So.2d 608, 610 (Miss. 1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scottv. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App. 1999); Cole v. State,666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984). With this in mind, we now turn to Tolliver's allegations of ineffectiveness.
 ¶ 9. The record shows that Tolliver was provided effective counsel. If there was any problem with the representation at all, it was Tolliver's lack of cooperation with his attorney. "A defendant cannot base a claim of inadequate representation upon his refusal to cooperate with appointed counsel. Such a doctrine would lead to absurd results."Evans v. State, 273 So.2d 495, 498-99 (Miss. 1973), quoting Shaw v.United States, 403 F.2d 528, 529 (8th Cir. 1968).
 ¶ 10. Further, while Tolliver claims that the sole fact that his attorney knew the arresting officer created a conflict of interests, Tolliver cites no authority that would support that such an acquaintance would create a conflict. This would also negate the assertion that the circuit court abused its discretionary power by ignoring its obligation to investigate any such conflict of interests.
 ¶ 11. Tolliver asserts that he involuntarily and unintelligently entered into the plea agreement due to his attorney's deficient advice. Tolliver also asserts that the plea agreement was breached by the State in that he was sentenced to a charge that both parties had agreed would be remanded to the files as part of the plea bargain. The record reflects that Tolliver received the plea bargain that the parties *Page 128 
had agreed upon, and the plea agreement was agreed to by Tolliver himself, who testified that he understood the agreement. We should also note that "if the defendant's claims are totally contradicted by the record, the trial judge may rely heavily on the statements made under oath." Richardsonv. State, 769 So.2d 230, 235-36 (Miss.Ct.App. 2000). Tolliver's argument is ineffective as to these assertions of error.
 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYINGPOST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, LEE, IRVING,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.