ISHEE, J.,
for the Court:
¶ 1. Ronnie D. Conner, pro se, files this motion for post-conviction relief (PCR) claiming the Rankin County Circuit Court erred when it dismissed his PCR motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Supp.2011). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 14, 2009, Conner pleaded guilty to six counts of sale of a controlled substance, all as a subsequent drug offender, and one count of conspiracy to sell cocaine. At the plea hearing, the State made sentencing recommendations pursuant to Conner’s plea agreement. At the hearing, Conner acknowledged the recommendations were consistent with plea-bargain discussions. On March 29, 2010, a sentencing hearing was held. The State offered revised-sentence recommendations, suggesting a total sentence of ten years less than the original recommendations. At the sentencing hearing, Conner again acknowledged the new recommendations reflected the plea-bargain discussions. The trial court followed the State’s sentence recommendations. Conner was sentenced to fifteen years each for four counts of sale of a controlled substance; fifteen years for one count of conspiracy to sell cocaine; six years for one count of sale of a controlled substance; and sixty years for one count of sale of a controlled substance, with Conner subject to release after serving fifteen year’s of that sentence. The sentences were ordered to run concurrently; thus, Conner effectively received a total sentence of fifteen years to serve on the seven counts.
¶ 3. On January 11, 2011, Conner filed a PCR motion in the trial court. He argued: he was “paroled out” on February 3, 2010; the sentence did not comply with the plea agreement; and he did not properly understand the State’s sentencing recommendations. The trial court found it plainly appeared from the face of the PCR motion that Conner was not entitled to any relief and dismissed the motion pursuant to Mississippi Code Annotated section 99-39-11(2). From that ruling, Conner appeals.
STANDARD OF REVIEW
¶ 4. When considering a trial court’s decision to dismiss a PCR motion, “we review the trial court’s findings of fact for clear error.” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (citation omitted). Any questions of law are reviewed de novo. Id.
DISCUSSION
¶ 5. On appeal, Conner asserts he was “paroled out” on February 3, 2010, after fifty-five days of incarceration. He claims he was informed by the state parole board that the State had no interest in pursuing the charges any further. Conner also claims his sentence did not reflect the plea agreement, and his status as a subsequent drug offender was not part of the plea agreement. He further argues he was not provided a status hearing or allowed to proofread the plea agreement; accordingly, he contends he did not properly understand the State’s sentencing recommendation.
¶ 6. The trial court dismissed Conner’s PCR motion pursuant to Mississippi *878 Code Annotated section 99-39-11(2), which states: “If it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Trial courts are permitted to rely upon an appellant’s sworn testimony from a plea hearing which contradicts assertions made in the PCR motion. Tolliver v. State, 802 So.2d 125, 127-28 (¶ 11) (Miss.Ct.App.2001). After a review of the records and prior proceedings, it is clear Conner is not entitled to any relief.
¶ 7. Conner asserts he was “paroled out” on February 3, 2010; however, the record is void of any parole records. Furthermore, he was ineligible for parole on that date because he was not sentenced until March 29, 2010. Parole eligibility depends on, among other things, the length of one’s sentence; thus, it is impossible that Conner was released on parole for these charges before the sentencing hearing. See Miss.Code Ann. § 47-7-3(1) (Rev. 2011).
¶ 8. The record also reflects the sentence recommendations in Conner’s plea agreement required him to serve a total of twenty-five years. The State’s recommendations at the plea hearing complied with that sentence. At the sentencing hearing, the State even reduced their sentence recommendations by ten years, thereby recommending a sentence to serve a total of fifteen years. At both hearings the trial judge asked Conner: “[I]s that the recommendation you expected to hear?” To which Conner replied: “Yes, sir.” Conner also agreed to his status as a subsequent drug offender at the plea hearing. The trial judge explained the potential sentence enhancements for each count due to his status as a subsequent drug offender. Every time the trial judge explained the sentence enhancement for a count, the trial judge asked Conner if he understood the sentence enhancement. Each time Conner replied: “Yes, sir.” He was also asked during both the plea hearing and the sentence hearing: “Do you have any questions?” Each time Conner replied: “No, sir.”
¶ 9. The record reflects Conner agreed to the plea agreement, testified he understood the agreement, and actually received ten years less than the plea agreement dictates. Thus, Conner’s claims are contradicted by the record and his own sworn testimony during both the plea hearing and the sentencing hearing. Accordingly, we affirm the trial court’s dismissal of the PCR motion.
¶10. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.