BARNES, J„
for the Court:
¶ 1. Terrell Williams, appearing pro se, appeals the Hinds County Circuit Court’s denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶2. In August 2010, a Hinds County grand jury indicted Williams for the statutory rape of his fifteen-year-old stepdaughter, E.G.,[1] in violation of Mississippi Code Annotated section 97 — B—65(l)(a) (Rev. 2006). Williams entered a plea of guilty, admitting that between August 1, 2009, and August 1, 2010, he “had sexual intercourse with E.G.” During the plea hearing, Williams admitted to having sex with and impregnating[2] E.G. in Hinds County, Mississippi. The circuit court sentenced him to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years suspended, ten years to serve, and five years of post-release supervision. Williams was also ordered to register as a sex offender and to have no contact with the victim, her family, or any child under sixteen without adult supervision.
¶ 3. In April 2012, Williams filed a PCR motion challenging the circuit court’s jurisdiction, and alleging the existence of evidence not previously presented that would require vacation of his conviction and sentence. In May 2012, Williams filed a motion to amend his PCR motion with an additional argument challenging the sufficiency of his indictment. In June 2012, Williams filed a motion to recuse the circuit court judge, questioning her impartiality, which was never ruled upon. The circuit court, finding Williams’s PCR claims without merit, denied his PCR motion. Williams now appeals that decision, arguing: (1) the circuit court erred in denying his motion to quash his indictment; (2) the circuit court did not have jurisdiction over his criminal charge; and (3) the circuit court erred in dismissing his PCR motion without an evidentiary hearing.[3]
STANDARD OF REVIEW
¶ 4. In reviewing the denial of a PCR motion, the appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Presley v. State, 48 So.3d 526, 528-29 (¶ 10) (Miss.2010) (quoting Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Questions of law, however, are reviewed de novo. Id. at 529 (¶ 10).
ANALYSIS
1. Indictment
¶ 5. Williams argues his indictment is invalid, vague, and ambiguous because it fails to identify the exact day(s) when Williams engaged in sexual intercourse with his stepdaughter, the “type” of sexual *410 intercourse, and the number of times the sexual intercourse occurred. Williams made these same arguments prior to his guilty plea in a motion to quash his indictment, which was denied. On appeal, Williams argues the circuit court erred in denying his motion to quash the allegedly defective indictment prior to his guilty plea.
¶ 6. “The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense.” Brawner v. State, 947 So.2d 254, 265 (¶ 31) (Miss.2006) (citing Brown v. State, 890 So.2d 901, 918 (¶ 61) (Miss.2004)). The ultimate test for the validity of an indictment is whether the defendant was prejudiced in preparing his defense. Medina v. State, 688 So.2d 727, 730 (Miss.1996) (citing Griffin v. State, 540 So.2d 17, 21 (Miss.1989)). Indictments must include the “date and, if applicable, the time at which the offense was alleged to have been committed.” URCCC 7.06(5). However, in cases involving sexual abuse of a child, a specific date is not required “so long as the defendant is ‘fully and fairly advised of the charge against him.’ ” Baker v. State, 930 So.2d 399, 405-06 (¶ 12) (Miss.Ct.App.2005) (quoting Bakes v. State, 665 So.2d 852, 860 (Miss.1995)). Additionally, when a defendant enters a guilty plea, he waives all nonjurisdictional rights and defects. There are only two exceptions in which a plea does not waive a defect: where the indictment fails to charge the necessary elements of a crime, and where the trial court lacks subject-matter jurisdiction. Id. at 404-05 (¶ 9) (citing Banana v. State, 635 So.2d 851, 853 (Miss.1994)).
¶ 7. Williams’s indictment for statutory rape states:
THE STATE OF MISSISSIPPI Circuit Court FIRST DISTRICT, HINDS COUNTY May Term, AD., 2010 First Judicial District of Hinds County
[[Image here]]
[O]n[,] about[,] and between the 1st day of August 2009 and the 1st day of August 2010, in the county aforesaid and within the jurisdiction of this Court, the said defendant being a male human being above the age of seventeen (17) years, whose date of birth is July 29, 1972, did willfully, unlawfully, and felo-niously have sexual intercourse with E.G., a fifteen year old female child whose date of birth is July 24, 1994, at a time when said Terrell Williams was more than thirty-six (36) months older than E.G., and was not E.G.’s legal spouse, all occurring within the jurisdiction of this court and in violation of Section 97-3-65(1)(a), Mississippi Code Annotated (1972, as amended).
¶ 8. A reading of the indictment shows that Rule 7.06 was satisfied. The necessary elements of statutory rape were stated; the “type” of sexual intercourse and number of times it occurred are not elements of the crime.[4] Moreover, the indictment’s one-year time span is adequate; exact dates of the sexual intercourse are not necessary in cases involving sexual *411 abuse of a child. See Baker, 980 So.2d at 405-06 (¶ 12). In Baker, this Court found the broad time span of an indictment for sexual battery “on or about from 2000 thru June 22, 2002,” was not improper. Id. at 404-05 (¶¶ 8, 10). On appeal, Steven Baker made the same argument as Williams— that his indictment provided insufficient information about his crime for him to make an adequate defense or protect himself from being subject to another trial on the same crime. Id. at 404 (¶ 8). This Court rejected that argument because the time frame in an indictment alleging sexual abuse of a child was a nonjurisdictional defect waived by Baker’s failure to raise the issue in a timely manner. Id. at 405 (¶ 10). Also, the time frame of the abuse was not a necessary element of the offense.[5] Id. at 407 (¶ 15).
¶ 9. Additionally, in this case, any alleged deficiencies in the indictment were nonjurisdictional, and were waived when Williams voluntarily and knowingly entered a guilty plea. Williams was “fully and fairly” apprised of the charges against him. Accordingly, the circuit court did not ei’r in denying his motion to quash his indictment.
2. Jurisdiction
¶ 10. Williams argues that the Hinds County Circuit Court did not have jurisdiction over his criminal charge for statutory rape because the sexual intercourse occurred in Georgia, not Mississippi. He states he moved to Georgia in September 2009. He claims that medical tests performed on his stepdaughter prove she became pregnant in Georgia, not Mississippi, while she was visiting him during spring break. He attached a hotel receipt, dated March 16, 2010, in support of his claim. Medical records show E.G. had an abortion on May 14, 2010, when she was approximately ten weeks pregnant.
¶ 11. Mississippi’s circuit courts have general jurisdiction “to hear and determine all prosecutions in the name of the state for treason, felonies, crimes, and misdemeanors .... ” Miss.Code Ann. § 9-7-81 (Rev. 2002). “[A] circuit court obtains ‘subject matter jurisdiction over the subject of a particular offense’ when ‘an indictment charging the essential elements of a crime is served on a defendant.’” Chapell v. State, 107 So.3d 1003, 1006 (¶ 9) (Miss.Ct.App.2012) (quoting Neal v. State, 936 So.2d 463, 466 (¶ 7) (Miss.Ct.App.2006)).
1112. The Hinds County Circuit Court served Williams with a one-count indictment for the statutory rape of his stepdaughter in Hinds County, Mississippi. At the plea hearing, Williams admitted to having sex with her and impregnating her in Hinds County. The court had jurisdiction to accept his plea and impose his sentence. Trial courts are entitled to rely on a defendant’s statements during a guilty-plea hearing, which may contradict assertions made in a PCR motion. Conner v. State, 80 So.3d 876, 878 (¶ 6) (Miss.Ct. App.2012) (citing Tolliver v. State, 802 So.2d 125, 127-28 (¶ 11) (Miss.Ct.App.2001)).
¶ 13. To support his claim, Williams cites Lewis v. State, 798 So.2d 635, 637 (¶ 10) (Miss.Ct.App.2001), where this Court found an evidentiary hearing should have been held to determine if venue was appropriate, because the defendant made a remark at his plea hearing that one of the offenses occurred in another state. The circuit court failed to address the remark *412 and continued with charging the defendant with the offense. Id.
¶ 14. Williams did argue at his motions hearing in August 2011 that medical tests showed the sexual intercourse that impregnated E.G. occurred in Georgia. However, he never reasserted this claim at his plea hearing, and voluntarily pleaded guilty to the crime having occurred in Hinds County. This argument is without merit.
¶ 15. Williams also makes several other arguments regarding his conviction and the sufficiency of the evidence. A guilty plea waives the right to a trial and the right to have the prosecution prove each element of the offense beyond a reasonable doubt. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Williams’s arguments are waived by virtue of his guilty plea.
3. Evidentiary Hearing
¶ 16. Williams argues the circuit court improperly dismissed his PCR motion without an evidentiary hearing.
¶ 17. “Under Section 99-39-11(2) of the Mississippi Code [ (Supp.2013) ], a trial court may summarily dismiss a petition for PCR, without having held an evi-dentiary hearing, when it is clear that the petitioner is not entitled to relief....” State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). “[Dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id. at 924 (¶ 11) (quoting Turner v. State, 590 So.2d 871, 874 (Miss.1991)).
¶ 18. Because Williams’s claims clearly lack merit, the circuit court properly denied his PCR motion without an evidentia-ry hearing.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. To protect the minor victim’s identity, initials have been substituted for her name.

. On May 14, 2010, E.G. was found to be nine weeks and five days pregnant. She had an abortion, and the remains were sent to a lab for biological testing, which showed Williams to be the father.

. In Williams's initial brief, he listed as error that the circuit court failed to rule on his motion for recusal. However, he did not develop the issue in the body of his brief, instead substituting the issue regarding the evidentiary hearing. He received permission from this Court to amend his brief, where he substituted the evidentiary-hearing issue for the recusal issue in the issues statement. We find the recusal issue procedurally barred. See Jordan v. State, 995 So.2d 94, 103 (¶ 14) (Miss.2008) (citing Pierre v. State, 607 So.2d 43, 48 (Miss.1992)) ("If an appellant fails to support [his] allegation of error with argument or authority, [the appellate court] need not consider the issue.”).

. Mississippi Code Annotated section 97-3-65(1 )(a) states that the crime of statutory rape occurs when: "(a) Any person seventeen (17) years of age or older has sexual intercourse with a child who: (i) Is at least fourteen (14) but under sixteen (16) years of age; (ii) Is thirty-six (36) or more months younger than the person: and (iii) Is not the person's spouse[.]”

. See also Gordon v. State, 977 So.2d 420, 423, 430 (¶¶ 4, 29) (Miss.Ct.App.2008) (On direct appeal, an indictment stating the defendant was charged with four counts of “capital rape,” "occurring between January 2002 and November 2003,” was not invalid.).