# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01600-COA

**MARCO S. RAINE A/K/A MARCO SHAUNTA**　　　　　　　　**APPELLANT**
**RAINE A/K/A MARCO SHUANTA RAINE A/K/A**
**MARCO RAINE A/K/A MARCO S. RAINE, JR.**

v.

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARCO S. RAINE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF SUMMARILY DISMISSED |
| DISPOSITION: | AFFIRMED - 10/14/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS, MAXWELL AND FAIR, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.　Before the Rankin County Circuit Court, Marco Raine pled guilty to one count of uttering a forgery. On July 1, 2013, Raine filed a motion he labeled as a "writ of habeas corpus, in the alternative, [a] motion to vacate sentence [and] conviction and to set aside guilty plea [and] dismiss charges due to lack of subject[-]matter jurisdiction." The circuit court summarily dismissed Raine's motion, and Raine filed the present appeal asking this Court to determine whether the circuit court had subject-matter jurisdiction over his guilty

plea and whether the circuit court erred in not giving him an evidentiary hearing. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. A Rankin County grand jury indicted Raine on March 26, 2008, on one count of uttering a forgery. The indictment charged that Raine:

> [O]n or about the 20th day of September 2007, in the county aforesaid [Rankin] and within the jurisdiction of this [circuit c]ourt, did unlawfully, willfully, feloniously, fraudulently and falsely then and there utter and publish as true to an agent of Priority[One] Bank, a certain forged and counterfeit writing on paper and instrument in writing, commonly know as, called and purporting to be a bank check . . . .

Raine pled guilty to the charge on January 4, 2010. The circuit court accepted his plea as freely and voluntarily given and with a sufficient factual basis. It sentenced Raine to serve ten years in the custody of the Mississippi Department of Corrections, with four years to serve and five years of post-release supervision. Also, he was ordered to pay $1,500 in restitution.

¶3. On July 1, 2013, Raine filed a motion he labeled as a "writ of habeas corpus, in the alternative, [a] motion to vacate sentence [and] conviction and to set aside guilty plea [and] dismiss charges due to lack of subject[-]matter jurisdiction." In it he alleged that because he actually passed the fraudulent check in Hattiesburg, the Rankin County Circuit Court did not have subject-matter jurisdiction to accept his guilty plea. He attached a letter from PriorityOne Bank that stated the transaction did occur at the Hattiesburg branch of PriorityOne Bank. The circuit court, after reviewing Raine's guilty-plea transcript and the contents of Raine's criminal file in the case, summarily dismissed Raine's motion. Raine

2

appeals and raises two issues:

    I.       Whether . . . the [circuit] court had subject[-]matter jurisdiction due to improper venue[.]

    II.     Whether . . . the [circuit] court erred in dismissing [Raine's motion for post-conviction relief (PCR)], without an evidentiary hearing, to determine if venue in the criminal proceeding was properly before the [circuit] court[.]

## ANALYSIS

¶4.    While Raine's motion is titled a writ of habeas corpus, the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) "abolishes the common law writs relating to post-conviction collateral relief, including . . . post-conviction habeas corpus[.]" Miss. Code Ann. § 99-39-3(1) (Supp. 2014). Therefore, Raine's motion is governed by the UPCCRA and reviewed as a PCR motion. The standard of review for the summary dismissal of a PCR motion is the clearly-erroneous standard for a circuit court's factual findings and de novo for the circuit court's legal conclusions. *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

¶5.    At the outset, we note that Raine is procedurally barred from filing his PCR motion because it was filed more than three years after the judgment of conviction was entered for his guilty plea. *See* Miss. Code Ann. § 99-39-5(2) (Supp. 2014). His judgment of conviction was filed on January 12, 2010; however, Raine did not filed his PCR motion until July 1, 2013, which is more than three years after his judgment of conviction was filed. One of the nine grounds justifying relief under the UPCCRA is "[t]hat the trial court was without jurisdiction to impose [the] sentence." *See* Miss. Code Ann. § 99-39-5(1)(b) (Supp. 2014). Had Raine timely filed his motion within the three-year window, he could have raised this

very issue. He did not. Additionally, Raine's claims do not fall within any of the exceptions to the time-bar as outlined in Mississippi Code Annotated section 99-39-5(2)(a)-(b).

¶6. Procedural bar notwithstanding, we will address Raine's claim that the circuit court lacked subject-matter jurisdiction. "[A] circuit court obtains 'subject[-]matter jurisdiction over the subject of a particular offense' when 'an indictment charging the essential elements of a crime is served on a defendant.'" *Chapell v. State*, 107 So. 3d 1003, 1006 (¶9) (Miss. Ct. App. 2012) (quoting *Neal v. State*, 936 So. 2d 463, 466 (¶7) (Miss. Ct. App. 2006)). And "[t]rial courts are permitted to rely upon an appellant's sworn testimony from a plea hearing[,] which contradicts assertions made in the PCR motion." *Conner v. State*, 80 So. 3d 876, 878 (¶6) (Miss. Ct. App. 2012) (citing *Tolliver v. State*, 802 So. 2d 125, 127-28 (¶11) (Miss. Ct. App. 2001)).

¶7. Raine was served a one-count indictment by the Rankin County Circuit Court for uttering a forgery in Rankin County, Mississippi; thereby securing the circuit court's jurisdiction over the case. At his plea hearing, the circuit court read that the State would have to prove the crime of uttering a forgery was committed in Rankin County, Mississippi. Raine agreed that he understood the elements of the crime as outlined and that he did commit the crime. During his guilty-plea hearing, Raine never asserted that the crime did not actually occur in Rankin County. As such, we rely on his sworn statement at his plea hearing that he did commit the crime in Rankin County.

¶8. More specifically, the circuit court informed Raine:

> [T]he State would have to prove this crime was committed in Rankin County, Mississippi, on or about September 20, 2007, that [Raine] did willfully, unlawful[ly], feloniously, fraudulently[,] and falsely . . . utter and publish as

4

true to Priority[One] Bank[,] a certain forged and counterfeit . . . instrument in writing, commonly known . . . to be a bank check, at a time when you knew that the instrument . . . was false, forged[,] and counterfeit[,] and you had the willful and felonious intent to injure and defraud Priority[One] Bank and J. Greer Investment Financial Services.

When asked if he understood the elements of the offense, Raine answered: "Yes, Sir." When asked if he committed the offense as outlined above, Raine answered, under oath: "Yes, Sir." Yet, in his sworn PCR motion filed in the circuit court, Raine now swears that the circuit court "lacked subject[-]matter jurisdiction . . . to adjudicate him guilty and sentence him in this criminal matter, *as the offense actually occurred in Hattiesburg (Lamar County), [Mississippi], which is not within the . . . jurisdiction of [the] Rankin County Circuit Court*." (Emphasis added). To his PCR motion, Raine attached an unsworn letter dated May 6, 2013, and purportedly signed by a PriorityOne Bank employee. The letter indicates that a deposit of $3,917.20 was made on September 21, 2007, using a fraudulent check at the Hattiesburg branch of PriorityOne. Yet the record contains a sworn affidavit from Christopher McCarver, branch manager of PriorityOne Bank, stating that on September 20, 2007, in Richland, Mississippi, which is located in Rankin County, Mississippi, that Raine "did willfully and unlawfully and feloniously with intent to cheat and defraud Priority[One] Bank, desingedly [sic] and falsely with knowledge of such falseness[,] open two checking accounts and a certificate of deposit with a fraudulent check and obtain from Priority[One] Bank the sum of $1,500." In a PCR motion, Raine bears the burden to prove by a preponderance of the evidence that he is entitled to relief. When a PCR movant swears before the circuit court to the truth of one material fact during his plea colloquy, yet swears to the opposite fact as truth in his PCR motion, he simply is not entitled to an evidentiary hearing. *See Conner*, 80

5

So. 3d at 878 (¶9). Moreover, he may be inviting an unintended charge of perjury.

¶9. In regard to the second issue raised about whether Raine was entitled to an evidentiary hearing, we note that Mississippi Code Annotated section 99-39-11(2) (Supp. 2014) provides that "[i]f it plainly appears from the face of the motion . . . that the movant is not entitled to any relief, the judge may make an order for its dismissal . . . ." The circuit court reviewed Raine's motion, his guilty-plea transcript, and his underlying criminal file, and found that Raine was not entitled to an evidentiary hearing. We find no error.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**