# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01231-COA

JOSEPH COOK                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:             07/15/2019
TRIAL JUDGE:                  HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:    RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JOSEPH COOK (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LISA L. BLOUNT
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 06/30/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     In September 1997, Joseph Cook allegedly stole two four-wheelers valued in excess

of $250 from two separate locations. Pursuant to Mississippi Code Annotated section 97-17-

41 (Supp. 1997), Cook was indicted for two separate counts of grand larceny by a Rankin

County grand jury on November 18, 1997. He entered a guilty plea on February 27, 1998,

which the Rankin County Circuit Court accepted the same day. On March 20, 1998, Cook

was sentenced to two concurrent four-year sentences, which were subsequently suspended

on the condition that Cook complete a Regimented Inmate Discipline (RID) program,[1]

---

[1] The RID program allowed offenders to earn early release after a brief period of
confinement. *Gatlin v. State*, 18 So. 3d 290, 293 (¶16) (Miss. Ct. App. 2009). However,

complete five years of supervised probation, pay $175 in restitution, and pay all court costs, fees, and assessments on or before the 90th day following his release from custody. Cook served no time in prison.

¶2. On April 10, 2013, Cook was convicted of two counts of sexual battery and one count of directing or causing a minor to commit a felony. Pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), the circuit court found that Cook's prior two separate grand larceny convictions allowed him to be charged as a habitual offender. Cook appealed the conviction, which was affirmed on April 23, 2015, by the Mississippi Supreme Court. *Cook v. State*, 161 So. 3d 1057 (Miss. 2015).

¶3. On June 17, 2019, Cook filed a pro se "Petition for Writ of Habeas Corpus with a Motion for Writ of Error Coram Nobis and/or Motion to Vacate, Set Aside or Correct Judgment." In his petition, he raised the following issues: (1) that the circuit court of Rankin County did not have jurisdiction over his 1998 grand larceny convictions and current petition; (2) that his petition is a petition for habeas corpus, not a PCR motion; (3) that he was entitled to a writ of error coram nobis; (4) that his petition was not procedurally barred; (5) that he received ineffective assistance of counsel in 1998; and (6) that his 1997 indictments were fatally defective.

¶4. On July 15, 2019, the circuit court considered Cook's petition as a motion as a post-conviction collateral relief (PCR) and found the motion to be time-barred. The court also

this program was discontinued when the Legislature amended the statute to say that no person to be sentenced to the custody of the Mississippi Department of Corrections shall be ordered to a Regimented Inmate Discipline (RID) program by any court of this state. Miss. Code Ann. § 47-5-110.2 (Rev. 2015).

analyzed and rejected Cook's ineffective-assistance-of-counsel claim as well. The court

denied the motion. Cook filed a notice of appeal on August 6, 2019, and raises the same

issues he raised in his June 16 petition. We affirm the denial of Cook's petition.

**STATEMENT OF THE FACTS**

¶5.     In September 1997, a long-time acquaintance of Cook approached him with the idea

of stealing four-wheelers. Cook would receive payment in the form of marijuana. Cook

stole two four-wheelers valued in excess of $250 from two separate locations: (1) 300

Garland Ponder Road, Mendenhall, Mississippi, and (2) 44 Old Highway 49S, Jackson,

Mississippi. Pursuant to Mississippi Code Annotated section 97-17-4, Cook was indicted for

two separate counts of grand larceny by a Rankin County grand jury on November 18, 1997.

¶6.     On February 27, 1998, Cook entered a guilty plea on both counts. In his petition to

enter a guilty plea to the indictments, Cook acknowledged that he was waiving his

constitutional rights:

> I understand that the Constitution guarantees me all of the following rights,
> and that I am permanently waiving each of these rights by pleading guilty: (a)
> the right to a speedy and public trial by jury; (b) the right to see, hear, and
> cross-examine all witnesses called to testify; (c) the right to use the power and
> process of the Court to compel the production of evidence, including the
> attendance of any witness in my favor; (d) the right to have the presence and
> assistance of a lawyer at all stages of the trial and any appeal; (e) the right to
> challenge the composition of the Grand Jury which indicted me and the Petit
> Jury venire from which the trial jury would be selected; (f) the right to testify
> in my own defense if I chose to do so, or the right to remain silent without any
> adverse inferences drawn from my refusal to testify; (g) the right to a
> unanimous jury verdict of all jurors before I could be found guilty; (h) the right
> to be presumed innocent and to have the prosecution prove each and every
> element beyond a reasonable doubt before I could be found guilty.

¶7.     Additionally, Cook acknowledged that his attorney provided him the necessary

3

information to cognitively enter a guilty plea:

> I have thoroughly discussed this case with my lawyer and I have made a full disclosure of all of the facts and circumstances known to me concerning the crime with which I am charged and to which I am entering this plea. I believe that my lawyer is fully informed on all such matters. My lawyer has advised me of the nature and elements of the charge, the specific acts which I am accused of having committed, and of the possible defenses available to me for consideration by the jury at a trial. I understand that I am finally and permanently waiving any and all defenses as well as any right I may have for the jury to consider a lesser included offense as an alternative to the primary offense. I have gone over this petition with my attorney thoroughly and in detail and have been informed of and fully understand the allegations contained in it as well as their purpose and effect.

Cook's guilty plea was accepted that same day.

¶8. On March 20, 1998, Cook was sentenced to two concurrent four-year sentences, which were subsequently suspended on the condition that Cook complete a Regimented Inmate Discipline (RID) program, complete five years of supervised probation, pay $175 in restitution, and pay all court costs, fees, and assessments on or before the ninetieth day following his release from custody. Cook served no prison time, which was a significant factor in his decision to plead guilty.

¶9. On August 28, 2012, Cook was indicted for (1) two counts of sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2006) on his girlfriend's daughter; and (2) one count of directing or causing a minor (the girlfriend's son) to commit a felony pursuant to Mississippi Code Annotated section 97-1-6 (Rev. 2014) in Rankin County. Pursuant to Mississippi Code Annotated section 99-19-81,[2] the State moved to

---

2      Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate

4

amend Cook's indictment to charge him as a habitual offender because the two grand larceny 1998 convictions qualified him as a habitual offender. The circuit court granted the motion.

¶10.   After a three-day trial, on April 10, 2013, Cook was found guilty of all counts and sentenced to a life imprisonment without the possibility of parole because of his habitual offender status. Cook appealed his conviction to the Mississippi Supreme Court. Cook unsuccessfully argued that the circuit court manifestly erred by allowing the amendment to his indictment to charge him as a habitual offender because the two crimes he was charged with in 1997 should have been considered one incident. However, the Mississippi Supreme Court held that although the crimes occurred on the same day, Cook had been charged for stealing two separate four-wheelers from two different locations. On April 23, 2015, the Supreme Court affirmed Cook's conviction.[3]

¶11.   On June 17, 2019, Cook filed a pro se "Petition for Writ of Habeas Corpus with a Motion for Writ of Error Coram Nobis and/or Motion to Vacate, Set Aside or Correct Judgment." In his petition, he argued (1) that the circuit court of Rankin County had neither

---

incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81.

[3] *Cook v. State*, 161 So. 3d 1057 (Miss. 2015).

jurisdiction or venue to prosecute or convict him for grand larceny in 1998; (2) that relief via Writ of Error Coram Nobis was appropriate for his claim of deprivation of constitutional rights; (3) that the petition should not be misconstrued as a petition for post-collateral relief (PCR); (4) that although not a PCR, the PCR time-bar and "in custody requirement" for PCR, are unconstitutional both as a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and a violation of the Mississippi Constitution; (5) that he received ineffective assistance of counsel in 1998; and (6) that the 1997 indictments of grand larceny were fatally defective because they failed to track the statutory language of a felony or otherwise omitted essential elements of the criminal statute. Cook sought relief in the form of vacating, setting aside, or correcting the 1998 judgment.

¶12. On July 15, 2019, the circuit court denied Cook's petition and found that he did not have standing to challenge his grand larceny convictions because he was no longer in custody or on parole for the convictions that he challenged. Additionally, the court found that the 1997 indictments showed that the grand larceny crimes took place in Rankin County, and therefore, Cook's claims of lack of jurisdiction and venue were without merit. Furthermore, the court found that: (1) despite Cook's contention that the petition was not a claim for PCR, the court found that it was a PCR motion; (2) the PCR motion was time-barred; and (3) Cook had not properly supported his claim of ineffective assistance of counsel.

¶13. Following the denial of his petition, Cook filed a notice of appeal on August 8, 2019. On appeal, Cooks raises the following issues: (1) that the circuit court of Rankin County did not have jurisdiction over his 1998 grand larceny convictions; (2) that his petition constitutes

6

a petition for habeas corpus; (3) that he was entitled to a writ of error coram nobis; (4) that his petition was not procedurally barred; (5) that he received ineffective assistance of counsel in 1998; and (6) that his 1997 indictments were fatally defective.

## STANDARD OF REVIEW

¶14. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017). "When reviewing questions of law, our standard is de novo." *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011).

## DISCUSSION

### I. Whether the two grand larceny indictments were fatally defective.

¶15. Cook argues that the two separate 1997 grand larceny indictments were fatally defective because jurisdiction was not established in each indictment and because Rankin County was not the proper jurisdiction. Cook further argues that the indictment was fatally defective because each indictment failed to track the statutory language of a felony. We disagree.

#### A. Whether the two indictments failed to establish the jurisdiction and whether Rankin County was the proper jurisdiction.

¶16. Mississippi Code Annotated section 99-11-3 establishes that "[t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed." "A circuit court obtains 'subject-matter jurisdiction over the subject of a particular offense'

7

when 'an indictment charging the essential elements of a crime is served on a defendant.'" *Raine v. State*, 151 So. 3d 216, 219 (¶6) (Miss. Ct. App. 2014) (quoting *Chapell v. State*, 107 So. 3d 1003, 1006 (¶9) (Miss. Ct. App. 2012)). "[T]rial courts are permitted to rely upon an appellant's sworn testimony from a plea hearing which contradicts assertions made in the PCR motion." *Id*. (quoting *Conner v. State*, 80 So.3d 876, 878 (¶6) (Miss. Ct. App. 2012)).

¶17.    In *Raine,* the defendant raised the issue of subject-matter jurisdiction in his PCR motion. *Id*. at 218 (¶3). "Raine was served a one-count indictment by the Rankin County Circuit Court for uttering a forgery in Rankin County, Mississippi; thereby securing the circuit court's jurisdiction over the case." *Id*. at 219 (¶7). The circuit court indicated that the State would have to prove the crime of uttering a forgery was committed in Rankin County, Mississippi. *Id*. "During his guilty-plea hearing, Raine never asserted that the crime did not actually occur in Rankin County." *Id*. Because of this, the circuit court relied on Raine's sworn statement at his plea hearing that he did commit the crime in Rankin County, rejected Raine's jurisdiction/venue argument, and denied his PCR motion. *Id*. On appeal, we affirmed the circuit court's ruling. *Id*. at 220 (¶10).

¶18.    Like *Raine*, both of Cook's 1997 indictments state that a Rankin County grand jury indicted Cook for each grand larceny charge which took place in Rankin County. Cook never asserted that the crimes did not take place in Rankin County when he entered his guilty plea. Furthermore, by signing the plea petition, Cook acknowledged that both locations are within Rankin County in his petition to enter a guilty plea:

> I did in **Rankin County, Mississippi**, take, steal and carry away, with the intent to deprive permanently, a Yamaha four-wheeler,

VIN#JY43GHW04MC097799, the personal property of James Ponder, which was of a value greater than $250.00, and I did take, steal and carry away, with the intent to deprive permanently, a Yamaha four-wheeler, VIN#JY459V007GC027051, the personal property of Bob Hutchings, which was of a value greater than $250.00.

Additionally, the addresses of the property from which the four-wheelers were stolen are houses located in Rankin County, as evidenced by tax records included in the record. Therefore, because both the indictments and the petition to enter a guilty plea show that the 1997 grand larceny crimes took place in Rankin County, Cook's argument concerning lack of jurisdiction is without merit.

### B. Whether the two 1997 grand larceny indictments failed to track the statutory language of the felony.

¶19. "[A]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Thompson v. State*, 269 So. 3d 301, 311 (¶35) (Miss. Ct. App. 2018) (quoting *Davis v. State*, 171 So.3d 537, 540 (¶11) (Miss. Ct. App. 2015)). Both of Cook's 1997 indictments meet the requirements:

> The Grand Jurors of the State of Mississippi, taken from the body of good and lawful citizens of said county, elected, summoned, impaneled, sworn and charged to inquire in and for the body of the county aforesaid, at the term aforesaid of the Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oath present that: Joe Cook on or about the 11th day of September, 1997, in the county aforesaid and within the jurisdiction of this Court, willfully, unlawfully, feloniously take, steal and carry away one (1) Yamaha four-wheeler bearing VIN#JY43GHW04MC097799, valued in excess of $250.00, the personal property of James Ponder, with the intent to permanently deprive the owner thereof, in violation of M.C.A. 97-17-41 (1972), and against the peace and dignity of the State of Mississippi.

9

. . . .

> The Grand Jurors of the State of Mississippi, taken from the body of good and lawful citizens of said county, elected, summoned, impaneled, sworn and charged to inquire in and for the body of the county aforesaid, at the term aforesaid of the Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oath present that: Joe Cook on or about the 11th day of September, 1997, in the county aforesaid and within the jurisdiction of this Court, willfully, unlawfully, feloniously take, steal and carry away one (1) Yamaha four-wheeler bearing VIN#JY459V007GC027051 valued in excess of $250.00, the personal property of Bob Hutchings, with the intent to permanently deprive the owner thereof, in violation of M.C.A. 97-17-41 (1972), and against the peace and dignity of the State of Mississippi.

Both of Cook's indictments show that (1) the essential elements of grand larceny were encompassed within the grand larceny charge; (2) Cook was provided with sufficient facts to fairly inform him of the charge he had to defend against; and (3) Cook was given sufficient facts enabling him to plead double jeopardy in a prosecution for the same offense.

¶20.    However, Cook argues that both indictments are defective because the indictments state the four-wheelers as "valued in excess of $250," when Mississippi Code Annotated section 97-17-41 (Rev. 2014) requires the property stolen to be "valued in excess of $1,000.00" to qualify as a felony.  But, the statute has been amended since Cook's conviction.  We have acknowledged that "the version of the statute in effect at the time the offense is committed will continue to control the defendant's prosecution and his punishment."  *Ware v. State*, No. 2018-KA-00319-COA, 2019 WL 1771810, at *2 (¶8) (Miss. Ct. App. 2019).  At the time Cook committed the crimes, Mississippi Code Annotated section 97-17-41 read:

> (1)(a) Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Two Hundred

10

Fifty Dollars ($250.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five (5) years; or shall be fined not more than One Thousand Dollars ($1,000.00), or both.

Because the 1997 indictments used the proper statutory language of grand larceny at the time that the crime was committed, Cook's argument concerning any defect in his 1997 indictment is without merit.

> **II. Whether Cook's petition should have been considered a PCR motion and whether Cook's petition was entitled to a writ of error coram nobis.**

¶21. Cook argues that the circuit court erred in treating his petition for writ of habeas corpus[4] as a PCR motion and that he was entitled to a writ of error coram nobis.[5] We disagree.

¶22. "[T]he Mississippi Supreme Court explained that [UPCCRA] 'repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges.'" *Presley v. State*, 176 So. 3d 158, 160-61 (¶9) (Miss. Ct. App. 2015) (quoting *Edmond v. Mississippi Department of Corrections*, 783 So. 2d 675, 677–78 (¶8) (Miss. 2001). Further:

---

[4] Historically, a writ of habeas corpus was used as a post-conviction remedy "to release a petitioner from imprisonment only where the petitioner was convicted under an invalid statute or by a court lacking jurisdiction." *Nelson v. Tullos*, 323 So. 2d 539, 542 (Miss. 1975).

[5] Historically, the use of a writ of error coram nobis was "to bring to the court's attention some matter or fact which does not appear on the face of the record which was unknown to the court or the parties at the time, and which, if known, and properly presented, would have prevented the rendition of the original judgment." *Nelson*, 323 So. 2d at 543.

> a petition for habeas corpus is still a viable option in limited circumstances, such as a challenge of the denial of bail pending an appeal, but purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post-conviction collateral relief sense, is arguably post-conviction habeas corpus renamed.

*Id*. (quoting *Putnam v. Epps*, 963 So. 2d 1232, 1234 (¶5) (Miss. Ct. App. 2007)). "When the Mississippi Legislature enacted the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), it abolished the common-law writ of error coram nobis and made such relief available exclusively through the UPCCRA." *Clay v. State*, 232 So. 3d 196, 199 (¶9) (Miss. Ct. App. 2017).

¶23.    In *Smith*, we found that "[a]lthough Smith did not style his 2009 [writ of habeas corpus] petition as a motion for post-conviction relief . . . the motion should have been treated as such" because of the language abolishing writ of habeas corpus as a form of post-conviction relief now found in Mississippi Code Annotated section 99-39-3(1) (Rev. 2015). *Smith v. State*, 29 So. 3d 126, 128 (¶9) (Miss. Ct. App. 2010).

¶24.    In *Bateman*, the defendant tried to use a writ of habeas corpus, not a PCR motion, to address a jurisdictional issue. *Bateman v. State*, 267 So. 3d 793, 797 (¶12) (Miss. Ct. App. 2018). In Bateman's petition, he used language from *Allred v. State*, 187 So. 2d 28, 30 (1966) (quoting *Smith v. State*, 155 So. 2d 494, 495 (1963)), to support his petition for writ of habeas corpus, which stated "[i]n this state the writ of habeas corpus has a limited function: to inquire into the competency and jurisdiction of the tribunal and to determine whether or not it had jurisdiction to enter the judgment on conviction." *Id*. However, we stated that the cases that Bateman used were decided prior to the enactment of the UPCCRA.

*Id*. Therefore, "[r]elief formerly accorded by such writs may be obtained by an appropriate motion under the UPCCRA." *Id*. (quoting *Jeanty v. State*, 148 So. 3d 1056, 1058 (¶6) n.4 (Miss. Ct. App. 2014)).

¶25. Like *Smith*, the circuit court here considered Cook's petition as a PCR motion. Furthermore, like *Bateman*, Cook cites cases rendered prior to the enactment of the UCCPRA, and because of the statute's enactment, such writs are no longer proper for seeking post-collateral relief. Therefore, Cook's argument that his pleading was improperly considered is without merit.

### III. Whether Cook's petition was procedurally barred.

¶26. The UPCCRA provides "an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1). Unless a statutory exception is applicable, a motion for relief must be made, in case of a guilty plea, within three years after entry of the judgment of conviction. *Id*. § 99-39-5(2).

¶27. Cook was convicted on February 27, 1998, pleaded guilty, and was sentenced on March 20, 1998. Cook filed his writ of habeas corpus, which is recognized as a PCR motion, on June 17, 2019. Because it has been over twenty-years, exceeding the three-year statute of limitations, his PCR motion on those issues is time-barred.

¶28. Even if we considered Cook's 2013 case as the genesis of his challenge to being considered a habitual offender, Cook's PCR motion is still time-barred. The Supreme Court's decision during his appeal was entered on April 23, 2015. His three years to file a timely PCR ended on April 23, 2018. Therefore his June 17, 2019 filing is still untimely.

13

**IV.    Whether the circuit court erred in finding that Cook had to be in custody to challenge his grand larceny convictions.**

¶29.    Cook further argues that the circuit court erred in requiring that he be in custody to challenge his grand larceny convictions.  The circuit court stated in its order that "Cook is no longer in custody . . . .  The Court finds that Cook does not have standing to challenge his grand larceny convictions . . . ."  The circuit court erred in its finding, but the error is harmless.

¶30.    In *Howell*, the Mississippi Supreme Court stated that "[s]tanding no longer hinges on the requirement of being 'any prisoner in custody under sentence of a court of record of the State of Mississippi.'"  *Howell v. State*, 283 So. 3d 1100, 1104 (¶16) (Miss. 2019).

> Section 99-39-5(1) was amended in 2009. Before the 2009 amendment, Section 99-39-5(1)(d) allowed "any prisoner in custody under sentence of a court of record of the State of Mississippi who claims . . . that the sentence exceeds the maximum authorized by law" to proceed with a motion for post[-]conviction relief.  Miss. Code Ann. § 99-39-5(1)(d) (Rev. 2007).

*Id*. at 1103-04 (¶13).  The statute now states that "[a]ny person sentenced by a court of record of the State of Mississippi. . . ."  Miss. Code Ann. § 99-39-5(1) (Rev. 2015).  "Through the amendment, the Legislature removed the requirement that the movant be under the effect of the sentence that he wishes to challenge."  *Id*. at (¶15).  Cook filed his PCR motion on June 17, 2019, years after the 2009 amendment.  Therefore, the circuit court erred in holding that Cook had to be in custody in order to challenge his 1998 conviction.  However, this amounted to harmless error.  "Harmless errors are those which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring automatic reversal of the conviction." *Jones*

14

*v. State*, 287 So. 3d 995, 1011 (¶54) (Miss. Ct. App. 2019). "Error is harmless when it is trivial, formal, or merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case." *Id*. Because the trial court considered and properly denied Cook's PCR motion for other valid reasons, the error by the circuit court concerning his standing was harmless. Also, even though the trial court felt that Cook had no standing, it still weighed and decided Cook's substantive claims, so Cook was prejudiced in no way.

### V.      Whether Cook received ineffective assistance of counsel in 1998.

¶31.    Cook argues that his trial counsel for the 1998 larceny charges rendered ineffective assistance and Cook now claims he did not plead guilty knowingly, intelligently, and voluntarily. Furthermore, Cook argues that his counsel was ineffective because he was: not advised of the elements of his crime; not advised that could be subjected to ex-post facto; sentenced to an illegal sentence; and innocent of the crimes to which he pleaded guilty. After review of the record, we find that the circuit court did not err in rejecting Cook's claims.

¶32.    The following are exceptions to the three-year requirement to file a PCR motion: (1) an intervening decision of either the United States Supreme Court or the Supreme Court of the State of Mississippi; (2) new evidence not reasonably discoverable at trial; or (3) an expired sentence, or an unlawful revocation of parole, probation, or conditional release. *Id*. § 99-39-5(2)(a)(i),(b). "The burden of proof is on the movant to show if any statutory exceptions to the procedural bars have been met." *McCoy v. State*, 230 So. 2d 1090, 1094

15

(¶9) (Miss. Ct. App. 2017).[6]

¶33.    "[E]rrors affecting fundamental constitutional rights are also excepted from the procedural bar[] . . . ." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (quoting *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010)).  Ineffective assistance of counsel can constitute an exception to the UPCCRA's procedural bars.  *See Chapman v. State*, 167 So. 3d 1170, 1173-75 (¶¶10, 13) (Miss. 2015).  An ineffective-assistance-of-counsel claim "must be sufficiently supported to overcome the bar." *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009).  "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id*.

¶34.    "To prevail on a claim of ineffective assistance, [Cook] must demonstrate: (1) that his trial attorney's performance was deficient," and (2) that this deficiency was prejudicial to his defense. *White*, 59 So. 3d at 636 (¶12) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (other citation omitted).  Cook must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hills v. State*, 101 So. 3d 691, 693 (¶9) (Miss. Ct. App. 2012) (quoting *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006)).  A claim of ineffective assistance of counsel must be supported by affidavits other than the defendant's. *Easterling v. State*, 281 So. 3d 243, 250 (¶21) (Miss. Ct. App. 2019).  "That obligation may be excused by a showing that the petitioner has good cause for failing to obtain those affidavits." *Walden v. State*, 201 So. 3d 1042, 1045 (¶14) (Miss. 2016).

---

[6] "[T]he time-bar [also] includes a movant's PCR claim based on the involuntariness of a guilty plea." *Green*, 242 So. 3d at 179 (¶11).

16

¶35. "Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed 'deficient' for purposes of the *Strickland* standard only if it falls below 'the range of competence demanded of attorneys in criminal cases.'" *Garrett v. State,* 110 So. 3d 790, 793 (¶13) (Miss. Ct. App. 2012) (footnote omitted) (quoting *Baldwin v. State*, 923 So. 2d. 218, 222 (¶12) (Miss. Ct. App. 2005)). Cook claims that he received ineffective assistance of counsel and as a result, he did not knowingly, intelligently, and voluntarily plead guilty. Specifically, Cook claims that he was not advised of his elements of the crime nor was he advised that, if he pleaded guilty, the larceny charges could later be used in other proceedings. Additionally, Cook claims that he received an illegal sentence and he was actually innocent of the crimes. However, in his petition to enter a guilty plea, Cook acknowledged that he understood that he was pleading guilty to two separate grand larceny charges; that he was waiving his rights; that his counsel informed him of the elements of the crime; that he was informed of the minimum and maximum sentences the crimes. The petition also states that Cook was satisfied with his lawyer's legal services. Therefore, Cook was advised of the elements and sentencing of his guilty plea. Additionally, he stated that he was pleased with his counsel's performance.

¶36. Furthermore, Cook failed to attach any affidavit to support his claim. "[A] defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Shavers v. State*, 215 So. 3d 502, 507 (¶14) (Miss. Ct. App. 2016) (quoting *Avery v. State*, 179 So. 3d 1182, 1188-89 (¶13) (Miss. Ct. App. 2015)). "When a movant fails to attach any supporting affidavits and relies solely on

17

his own sworn motion, his ineffective-assistance claim must fail." *Id*. (quoting *Avery*, 179 So. 3d at 1189 (¶13)). Here, Cook only filed his petition with no accompanying affidavits. His own petition was unsworn, which thus does not meet the requirements of an affidavit. Additionally, Cook failed to show good cause why no other affidavits were attached. Because Cook failed to prove his ineffective-assistance-of-counsel claim, that the claim is without merit.

## CONCLUSION

¶37. Finding that the 1997 indictments were not fatally defective, that Rankin County was the correct jurisdiction for charging Cook, that Cook's petition was a PCR motion, which was time-barred, and that Cook failed to prove ineffective assistance of counsel, the trial court's denial of Cook's PCR motion is hereby affirmed.

¶38. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR. J. WILSON, P.J., AND C. WILSON, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**